**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Jason Shallenberger, | : |
| Sandra Bianco, | : |
| Nicole Metzger, | : |
| V.N.G. (Age 9) and | : |
| V.L.G., (Age 6) a minor, | : |
| | : |
| **Plaintiffs.** | : |
| | : |
| ALLEGHENY COUNTY, | : |
| ALLEGHENY COUNTY CHILDREN | : |
| AND YOUTH SERVICES, and Maria Duranti | : |
| and Autumn Smith, | : |
| individually and in their capacity as | : |
| employees of the Allegheny County | : **JURY TRIAL DEMANDED** |
| Children and Youth Services, | : |
| | : **ELECTRONICALLY FILED** |
| | : |
| **Defendants.** | : |

## COMPLAINT

AND NOW come the Plaintiffs, Jason Shallenberger, Sandra Bianco, Nicole Metzger, V.G. a minor, and V.G., a minor, by and through their attorneys, THE LINDSAY LAW FIRM. P.C., Alexander H. Lindsay, Jr., Esquire, Nathan F. Fulk, Esquire and Joseph E. Hudak, Esquire, filing the following Complaint.

## I. JURISDICTION

This suit is brought in the jurisdiction of this Honorable Court conferred under and by virtue of 42 U.S.C. § 1983, and 28 U.S.C. § 1331.

## II. PARTIES

1.      The Plaintiff Jason Shallenberger is an adult individual residing at 25 Carol Drive, Carnegie, PA  15106 and is the grandfather of V.G.

2.      The Plaintiff Sandra Bianco is an adult individual residing at 25 Carol Drive, Carnegie, PA 15106 and is the grandmother of V.G.

3.      The Plaintiff Nicole Metzger is an adult individual residing 602 Aylesworth Avenue, Bridgeville, PA  15107 and is the mother of V.G.

4.      The Plaintiff V.L.G. born on August 16, 2013, is a minor, son of Nicole Metzger.

5.      The Plaintiff V.N.G. born on April 16, 2009 is a minor, and son of Nicole Metzger.

6.      The Defendant Allegheny County Children Youth Family (hereinafter ACCYF) is a local government agency of Allegheny County, organized pursuant to the laws of the Commonwealth of Pennsylvania, with its principal office located at 1401 Forbes Avenue, Pittsburgh PA 15129.

7.      The Defendant Allegheny County is a local government subdivision organized pursuant to laws of the Commonwealth of Pennsylvania, with its principal office located at 542 Forbes Avenue, Pittsburgh PA 15219.

8.      The Defendant Maria Duranti is an adult individual and at all times relevant was employed by the Defendant, ACCYF in Allegheny County as a caseworker supervisor and resides in the Commonwealth of Pennsylvania.

9.     The Defendant Autumn Smith is an adult individual and at all times relevant was employed by the Defendant, ACCYF in Allegheny County as a caseworker supervisor and resides in the Commonwealth of Pennsylvania.

## III. STATEMENT OF FACTS

10.     On May 23, 2017, Plaintiff Shallenberger picked up V.L.G. from his parents' home as police arrested Nicole Metzger, who was on house arrest.

11.     V.N.G. was at school and was picked up by his other grandfather, Nick Garrubba at school prior to Plaintiff Shallenberger getting to the school while Shallenberger was waiting for him at the school bus stop.

12.     ACCYF   left V.L.G. with Jason Shallenberger and Sandra Bianco, his grandparents.

13.     ACCYF left V.N.G. with Nick Garrubba.

14.     Plaintiffs Shallenberger and Bianco were in the process of adopting V.L.G. and filed all the necessary paper work with ACCYF.

15.     Byron Glatz, father of V.L.G., did not meet the required ACCYF goals and signed off his rights with the promise from ACCYF that Shallenberger and Bianco would be adopting V.L.G.

16.     ACCYF provided false testimony to Byron Glatz to the effect that Shallenberger and Bianco would be permitted to adopt.

17.     Jeremiah Metzger father of V.N.G. refused to sign off his rights to V.N.G. but his rights were terminated by the court.

18.     Jeremiah Metzger made it known that he wanted V.N.G. to be adopted also by Shallenberger and Bianco.

19.     At some time between March 1, 2018 and May 30, 2018, a petition to terminate Plaintiff Metzger's parental rights was filed.

20.     The court scheduled a hearing on the ACCYF matter for May 30, 2018.

21.     On May 30, 2018, Plaintiff Shallenberger attempted to attend the hearing but was not permitted into the courthouse.

22.     Plaintiff Metzger was not present at the hearing.

23.     On June 4, 2018, Plaintiffs Shallenberger and Bianco purchased a 4-bedroom house on the knowledge that they would be permanently adopting V.N.G. and also V.L.G.

24.     Plaintiff Nicole Metzger was hospitalized from approximately August 3, 2018 until September 19, 2018 at three different healthcare facilities

25.     Representatives of Defendant ACCYF contacted Plaintiff Shallenberger in an attempt to serve Plaintiff Metzger with court papers.

26.     Plaintiff Shallenberger informed ACCYF that Plaintiff Metzger was hospitalized, but ACCYF never served Metzger.

27.     On August 27, 2018 representatives of ACCYF arrived at the home and stated their intention to remove V.L.G. from the residence.

28.     When asked for paperwork giving them authority to do so, Defendants only provided a partial court order stating that VG was in the legal custody of ACCYF.

29.     Collier Township Police were dispatched to the residence.

30.     V.L.G. was forcibly removed from Plaintiffs' residence.

31.     Court personnel testified in court that once ACCYF restrained him in an unknown vehicle that V.G. stated "Why are you kidnapping me?".

32.     Plaintiff Shallenberger recorded a video of the incident which can played for the Court upon request.

33.     On September 10, 2018 an attorney, Anthony Piccirilli, Jr., Esquire, was retained in the ACCYF matter.

34.     Piccirilli filed a motion for the adoption of both children stating that all three parents agreed and wanted Shallenberger and Bianco to adopt both children.

35.     On September 19, 2018, another hearing was held in the ACCYF matter.

36.     Plaintiffs learned at that time that Plaintiff Metzger's parental rights were already terminated.

37.     Plaintiffs Shallenberger and Bianco were told that they would not be permitted to adopt the children because they had permitted unsupervised visits between them and their mother, Plaintiff Metzger.

38.     It is believed and therefore averred that Defendants suborned perjury by coercing Plaintiffs V.N.G. and/or V.L.G. into providing false testimony in the ACCYF matter.

39.     Plaintiffs were told that, instead, V.G. would be placed with Mary Rose Bates, his Maternal Aunt.

40.     Plaintiffs provided ACCYF pictures showing V.G. and Plaintiff Metzger having unsupervised visits while in the custody of Mary Rose Bates.

41.     ACCYF has refused to take any action against Mary Rose Bates.

42.     On September 21, 2018 a complaint was filed with The Disciplinary Board of the Supreme Court of PA against Mary Rose Bates – Attorney and Autumn Smith ACCYF supervisor, who has stated that she was an attorney.

43.     On December 21, 2018 Plaintiff Shallenberger filed an Attorney General criminal complaint against Mary Rose Bates.

44.     Plaintiffs Shallenberger, Bianco, and Metzger have not been permitted any visitation with V.G. since he was forcibly removed on August 27, 2018.


### COUNT I

### 42 U.S.C. §1983 – Violation of Procedural Due Process

45.     Paragraphs 1 through 42 are incorporated herein by reference as if fully set forth at length.

46.     At all times relevant, Defendants Maria Duranti and Autumn Smith were acting as agents of ACCYF and /or Allegheny County and are being sued in both their individual and official capacities.

47.     The Defendants through their agents and employees, were acting under color of state law, acted willfully, knowingly and purposefully, with the intent to deprive the Plaintiffs of their liberty interests and rights, privileges and immunities secured by the Constitution and the laws of the United States, in violation of 42 U.S.C. §1983, particularly:

        a.     Their liberty and privacy interest in maintaining custody of the minor child, V.G. without undue interference including removal from the home without notice and a hearing;

    b.    The right of familial associations;

    c.    The right to freedom of intimate association;

    d.    The rights to substantive and procedural due process as secured by the 14th Amendment;

48.    Defendants Maria Duranti and Autumn Smith were acting, at all times relevant hereto, in accordance with a well-established custom and/or policy of the Defendants, Allegheny County and ACCYF in conducting their investigation of the family of V.G. and V.G.  More specifically, the policy of Allegheny County and ACCYF was one which instructed the ACCYF caseworkers to remove children without due process, and to terminate parental rights without proper service.

        WHEREFORE, the Plaintiffs demand judgment in their favor and against the Defendants in an amount in excess of $50,000.00, plus court costs, interest, attorneys' fees, and other damages as the Court deems appropriate, including injunctive relief reinstating Plaintiff Nicole Metzger's parental rights, plus punitive damages.
A JURY TRIAL IS DEMANDED.

## Count II

**Violation of 42 U.S.C. § 1983: Fourteenth Amendment Substantive Due Process Right to Familial Association, Freedom of Intimate Association, Family Privacy**

49.    The prior paragraphs are hereby incorporated by reference as though set forth in their entirety.

50.    Section 1983 provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress

51.     The Fourteenth Amendment provides in relevant part that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law."

52.     Plaintiffs Shallenberger and Bianco, as grandparents of V.N.G. and V.L.G. and who had active participation in their lives prior to August 27, 2018, have a fundamental right to freely associate with and participate in the upbringing of their grandchildren.

53.     Plaintiff Metzger, as mother of V.N.G. and V.L.G., and who had active participation in their lives prior to the ex-parte termination of her parental rights, had a fundamental right to freely associate with and participate in the upbringing of her children.

54.     The interest of grandparents in maintaining relationships with their grandchildren is a protected liberty interest within the meaning of the Due Process Clause.

55.     The interest of parents in maintaining relationships with their children is a protected liberty interest within the meaning of the Due Process Clause.

56.     Plaintiffs Shallenberger and Bianco, as grandparents of V.N.G. and V.L.G., have a liberty interest protected by the Due Process Clause of the Fourteenth Amendment

57.     Plaintiff Metzger, as mother to V.N.G. and V.L.G., has a liberty interest protected by the Due Process Clause of the Fourteenth Amendment.

58.     "The Due Process Clause of the Fourteenth Amendment prohibits the government from interfering in familial relationships unless the government adheres to the requirements of procedural and substantive due process." *Croft v. Westmoreland County Children and Youth Services*, 103 F.3d 1123, 1125 (3d Cir. 1997).

59.     Defendants are state actors subject to the Fourteenth Amendment.

60.     Defendants, through their agents and employees, at all times material hereto acted under color of state law, acted willfully, knowingly, and purposefully, with the intent to deprive Plaintiffs of their liberty interests and rights, privileges and immunities secured by the Constitution and the law of the United States, in violation of 42 U.S.C. § 1983, particularly by failing to provide Plaintiff Metzger with a hearing to contest the termination of her parental rights and by suborning perjury to prevent the adoption of V.L.G. and V.N.G. by Plaintiffs Shallenberger and Bianco.

61.     Defendants followed a policy, custom, and practice of failing serve parents with the petitions to terminate their parental rights, and of eliciting false testimony in dependency and adoption hearings.

62. Defendants acted intentionally and with callous disregard for Plaintiffs' clearly established constitutional rights.

63. Defendants acts were with malice and reckless disregard for Plaintiffs' federally protected constitutional and civil rights.

64. Various citizens, including Plaintiffs, have been subjected to the aforementioned illegal and unconstitutional policies, customs and practices of Defendants.

65. Pursuant to 42 U.S.C. § 1983, Defendants are liable to Plaintiffs for damages.

66. Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to attorneys' fees and costs incurred in bringing this action.

67. As a direct and proximate result of the conduct of the Defendants as aforesaid, Plaintiffs have suffered and will continue to suffer irreparable injury, including but not limited to humiliation and significant psychological trauma and monetary damages.


WHEREFORE, the Plaintiffs demand judgment in their favor and against the Defendants in an amount in excess of $50,000.00, plus court costs, interest, attorneys' fees, and other damages as the Court deems appropriate, including injunctive relief reinstating Plaintiff Nicole Metzger's parental rights, plus punitive damages.

A JURY TRIAL IS DEMANDED.

Respectfully submitted:


THE LINDSAY LAW FIRM, P.C.
s/ *Alexander H. Lindsay, Jr.*
Alexander H. Lindsay, Jr., Esquire
Attorney for Plaintiffs
Pa. Supreme Court ID. No. 15088


s/ *Nathan F. Fulk*
Nathan F. Fulk, Esquire
Attorney for Plaintiffs
Pa. Supreme Court ID. No. 326385

110 East Diamond Street, Suite 301
Butler, Pennsylvania 16001
Phone:  (724)282-6600
Fax:  (724)282-2672


s/ *Joseph E. Hudak*
Joseph E. Hudak, Esquire
Attorney for Plaintiffs
Pa. Supreme Court ID. No. 45882

P.O. Box 11242
Pittsburgh, PA 15238
Phone:  (412) 867-8119
Fax: (412) 774-1593