## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | |
|---|---|
| **JASON ALTENHOFEN, Individually and For Others Similarly Situated,**<br>Plaintiff,<br><br>v.<br><br>**ENERGY TRANSFER PARTNERS, L.P.,**<br>Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION/FED. R. CIV. P. 23** |

## ORIGINAL COMPLAINT

### SUMMARY

1.      Plaintiff Jason Altenhofen ("Altenhofen") brings this lawsuit to recover unpaid overtime wages and other damages from Energy Transfer Partners, L.P. ("Energy Transfer") under the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§4111.01, 4111.03 and 4111.10., ("the Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA") Rev. Code §4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"), and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

2.      Altenhofen worked for Energy Transfer as an Environmental Inspector.

3.      Altenhofen and the Day Rate Inspectors (as defined below) regularly worked for Energy Transfer in excess of forty (40) hours each week.

4.      But Energy Transfer did not pay them overtime.

5.      Instead of paying overtime as required by the FLSA, PMWA, and the Ohio Acts, Energy Transfer improperly paid Altenhofen and the Day Rate Inspectors a daily rate with no overtime compensation.

6.      This class and collective action seeks to recover the unpaid overtime wages and other

damages owed to these workers.

## JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8.      The Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law class pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a significant portion of the facts giving rise to this lawsuit occurred in this District. Altenhofen worked for Energy Transfer in Washington County, Pennsylvania.

## THE PARTIES

10.     Altenhofen worked for Energy Transfer from May 2017 until October 2017 as an Environmental Inspector.

11.     Throughout his employment, Energy Transfer paid Altenhofen a flat daily rate for each day worked regardless of the total hours worked in a workweek ("day rate pay plan").

12.     Altenhofen's consent to be a party plaintiff is attached as Exhibit A.

13.     Altenhofen brings this action on behalf of himself and all other similarly situated workers who were paid by Energy Transfer's day-rate system.  Energy Transfer paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

14.     The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All inspectors who worked for, or on behalf of, Energy Transfer Partners, L.P. who were paid a day rate with no overtime in the past three (3) years.** ("FLSA Class Members").

15.     Altenhofen also seeks class certification of a class under FED. R. CIV. P. 23 under the Ohio Wage Acts, defined as follows:

> **All inspectors who worked for, or on behalf of, Energy Transfer Partners, L.P. in Ohio who were paid a day rate with no overtime in the past three (3) years.** ("Ohio Class Members").

16.      Altenhofen also seeks class certification of a class under FED. R. CIV. P. 23 under the PMWA, defined as follows:

> **All inspectors who worked for, or on behalf of, Energy Transfer Partners, L.P. in Pennsylvania who were paid a day rate with no overtime in the past three (3) years.** ("Pennsylvania Class Members").

17.     The members of the FLSA Class, Ohio Class, and Pennsylvania Class can be readily ascertained from Energy Transfer's records.

18.     Collectively, the FLSA Class Members, Ohio Class Members, and Pennsylvania Class Members are referred to as the Day Rate Inspectors.

19.     Energy Transfer Partners, L.P. is a Texas limited partnership and may be served with process by serving its registered agent: **Corporation Service Company, 2595 Interstate Dr., Ste. 103, Harrisburg, PA 17110.**

## COVERAGE UNDER THE FLSA

20.     At all times hereinafter mentioned, Energy Transfer was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21.     At all times hereinafter mentioned, Energy Transfer was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22.     At all relevant times, Energy Transfer has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

23.     At all relevant times, Energy Transfer has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

24.     In each of the past 3 years, Energy Transfer's annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

25.     At all relevant times, Altenhofen and the Day Rate Inspectors were engaged in commerce or in the production of goods for commerce.

26.     Energy Transfer uniformly applied its policy of paying its Inspectors, including Altenhofen, a day rate with no overtime compensation.

27.     Energy Transfer applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

28.     By paying its Inspectors a day rate with no overtime compensation, Energy Transfer violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

29.     As a result of this policy, Energy Transfer and the Day Rate Inspectors do not receive overtime as required by the FLSA.

30.     Energy Transfer's uniform compensation scheme of paying its Inspectors a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## THE FACTS

31.     Energy Transfer is a company engaged in natural gas pipeline transport. As the owner and operator of drilling operations for natural gas pipelines, it hires personnel (like Altenhofen) to perform inspection work.

4

32.     Many of these individuals worked for Energy Transfer on a day rate basis (without overtime pay).

33.     These workers make up the proposed collective of Day Rate Inspectors.

34.     While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

35.     Throughout his employment with Energy Transfer, Energy Transfer paid him on a day rate basis.

36.     Altenhofen and the Day Rate Inspectors work for Energy Transfer under its day rate pay scheme.

37.     Altenhofen and the Day Rate Inspectors do not receive a salary.

38.     If Altenhofen and the Day Rate Inspectors did not work, they did not get paid.

39.     Altenhofen and the Day Rate Inspectors receive a day rate.

40.     Altenhofen and the Day Rate Inspectors do not receive overtime pay.

41.     This is despite the fact Altenhofen and the Day Rate Inspectors often worker 10 or more hours a day, for 7 days a week, for weeks at a time.

42.     For example, Altenhofen received a day rate for each day he worked for Energy Transfer.

43.     Although he typically worked 7 days a week, for 10 or more hours a day, he did not receive any overtime pay.

44.     Altenhofen and the Day Rate Inspectors received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

45.     Altenhofen and the Day Rate Inspectors are not employed on a salary basis.

46.     Altenhofen and the Day Rate Inspectors do not, and never have, received guaranteed weekly compensation from Energy Transfer irrespective of the day worked (i.e., the only

5

compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

47.     Altenhofen and the Day Rate Inspectors work in accordance with the schedule set by Energy Transfer and/or its clients.

48.     Altenhofen's work schedule is typical of the Day Rate Inspectors.

49.     Energy Transfer controls Altenhofen and the Day Rate Inspectors' pay.

50.     Likewise, Energy Transfer and/or its clients control Altenhofen and the Day Rate Inspectors' work.

51.     Energy Transfer requires Altenhofen and the Day Rate Inspectors to follow Energy Transfer and/or its clients' policies and procedures.

52.     Altenhofen and the Day Rate Inspectors' work must adhere to the quality standards put in place by Energy Transfer and/or its clients.

53.     Altenhofen and the Day Rate Inspectors are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

54.     As an Inspector, Altenhofen was responsible for ensuring Energy Transfer's and/or its clients' projects were completed according to established guidelines, specifications, and restrictions.

55.     All Energy Transfer's Day Rate Inspectors perform similar duties, inspecting projects, ensuring work is done according to established guidelines, specifications, and restrictions.

56.     Altenhofen and the Day Rate Inspectors provide inspection reports to Energy Transfer (and/or its clients') personnel.

57.     At all relevant times, Energy Transfer and/or its clients maintained control over Altenhofen and the Day Rate Inspectors via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

58.     Altenhofen and the Day Rate Inspectors do not have the power to hire or fire any employees.

59.     Altenhofen's working relationship with Energy Transfer is similar Energy Transfer's relationship with its other Day Rate Inspectors.

60.     Energy Transfer knew Altenhofen and the Day Rate Inspectors worked more than 40 hours in a week.

61.     Energy Transfer knew, or showed reckless disregard for whether the Day Rate Inspectors were entitled to overtime under the FLSA, Ohio Acts, and PMWA.

62.     Nonetheless, Energy Transfer failed to pay Altenhofen and the Day Rate Inspectors overtime.

63.     Energy Transfer willfully violated the FLSA, Ohio Acts, and PMWA.

### CAUSES OF ACTION
### FLSA VIOLATIONS

64.     By failing to pay Altenhofen and those similarly situated to him overtime at one-and-one-half times their regular rates, Energy Transfer violated the FLSA's overtime provisions.

65.     Energy Transfer owes Altenhofen and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

66.     Because Energy Transfer knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Energy Transfer owes these wages for at least the past three years.

67.     Energy Transfer is liable to Altenhofen and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

68.     Altenhofen and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### OHIO WAGE ACT VIOLATIONS

69.     Altenhofen brings this claim under the Ohio Wage Act as a Rule 23 class action.

70.     The conduct alleged violates the Ohio Wage Act (O.R.C. §§4111.01. 4111.03 and 4111.10).

71.     At all relevant times, Energy Transfer was subjected to the requirements of the Ohio Wage Act.

72.     At all relevant times, Energy Transfer employed Altenhofen and each Ohio Class Member with Ohio state law claims as an "employee" within the meaning of the Ohio Wage Act.

73.     The Ohio Wage Act requires employers like Energy Transfer to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Altenhofen and each member of the Ohio Class are entitled to overtime pay under the Ohio Wage Acts.

74.     Energy Transfer had a policy and practice of failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

75.     Altenhofen and each member of the Ohio Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

76.     Altenhofen and each member of the Ohio Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Energy Transfer, as provided by the Ohio Wage Act.

**PMWA VIOLATIONS**

77.     Altenhofen brings this claim under the PMWA as a Rule 23 class action.

78.     The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

79.     At all relevant times, Energy Transfer was subjected to the requirements of the PMWA.

80.     At all relevant times, Energy Transfer employed Altenhofen and each Pennsylvania Class Member with Pennsylvania state law claims as an "employee" within the meaning of the PMWA.

81.     The PMWA requires employers like Energy Transfer to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Altenhofen and each member of the Pennsylvania Class are entitled to overtime pay under the PMWA.

82.     Energy Transfer had a policy and practice of failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

83.     Altenhofen and each member of the Pennsylvania Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

84.     Altenhofen and each member of the Pennsylvania Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Energy Transfer, as provided by the PMWA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

85.     Altenhofen incorporates all previous paragraphs and alleges that the illegal pay practices Energy Transfer imposed on Altenhofen were likewise imposed on the Putative Class Members.

86.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA, Ohio Wage Acts, and PMWA.

87.     Numerous other individuals who worked with Altenhofen indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

88.     Based on his experiences and tenure with Energy Transfer, Altenhofen is aware that Energy Transfer's illegal practices were imposed on the Day Rate Inspectors.

89.     The Day Rate Inspectors were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

90.     Energy Transfer's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Day Rate Inspectors.

91.     Altenhofen's experiences are therefore typical of the experiences of the Day Rate Inspectors.

92.     The specific job titles or precise job locations of the Day Rate Inspectors do not prevent class or collective treatment.

93.     Altenhofen has no interests contrary to, or in conflict with, the Day Rate Inspectors. Like each Day Rate Inspector, Altenhofen has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

94.     A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

95.     Absent this action, many Day Rate Inspectors likely will not obtain redress of their injuries and Energy Transfer will reap the unjust benefits of violating the FLSA and applicable state labor laws.

96.     Furthermore, even if some of the Day Rate Inspectors could afford individual litigation against Energy Transfer, it would be unduly burdensome to the judicial system.

97.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

98.     The questions of law and fact common to the Day Rate Inspectors predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

      a.      Whether the Day Rate Inspectors' rights were violated as a result of Energy Transfer's day rate pay plan;

      b.      Whether Energy Transfer's day rate pay plan was made in good faith;

      c.      Whether Energy Transfer's decision to not pay time and a half for overtime to the Day Rate Inspectors was made in good faith;

      d.      Whether Energy Transfer's violation of the FLSA, Ohio Wage Acts, and PMWA was willful; and

      e.      Whether Energy Transfer's illegal pay practices were applied uniformly across the nation to all Day Rate Inspectors.

99.     Altenhofen's claims are typical of the claims of the Day Rate Inspectors. Altenhofen and the Day Rate Inspectors sustained damages arising out of Energy Transfer's illegal and uniform employment policy.

100.     Altenhofen knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

101.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

### JURY DEMAND

102.     Altenhofen demands a trial by jury

### PRAYER

103.     WHEREFORE, Altenhofen prays for judgment against Energy Transfer as follows:

a.    An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.    For an Order pursuant to Section 16(b) of the FLSA finding Energy Transfer liable for unpaid back wages due to Altenhofen and the FLSA Class Members for liquidated damages equal in amount to their unpaid compensation;

c.    An Order certifying a Rule 23 class action on behalf of Day Rate Inspectors working for or on behalf of Energy Transfer in Pennsylvania at any time during the last 3 years;

d.    Judgment awarding Altenhofen and the PMWA Class all unpaid overtime and other damages available under the PMWA;

e.    For an Order awarding Altenhofen and the PMWA Class their costs of this action;

f.    An Order certifying a Rule 23 class action on behalf of Day Rate Inspectors working for or on behalf of Energy Transfer in Ohio at any time during the last 3 years;

g.    Judgment awarding Altenhofen and the Ohio Class all unpaid overtime and other damages available under the Ohio Acts;

h.    For an Order awarding Altenhofen and the Ohio Class their costs of this action;

i.    For an Order awarding Altenhofen and the Day Rate Inspectors their reasonable attorneys' fees and expenses as provided by the FLSA, Ohio Acts, and PMWA;

j.      For an Order awarding attorneys' fees, costs and pre- and post-judgment

interest; and

k.      For an Order granting such other and further relief as may be necessary and

appropriate.

Respectfully submitted,

By: _/s/ Michael A. Josephson_
       **Michael A. Josephson**
       PA Bar 308410
       **Andrew W. Dunlap**
       PA Bar 241078444
       **Carl A. Fitz**
       Texas Bar No. 24105863
       **JOSEPHSON DUNLAP LLP**
       11 Greenway Plaza, Suite 3050
       Houston, Texas 77046
       713-352-1100 – Telephone
       713-352-3300 – Facsimile
       mjosephson@mybackwages.com
       adunlap@mybackwages.com
       cfitz@mybackwages.com

       **AND**
       **Richard J. (Rex) Burch**
       Texas Bar No. 24001807
       **BRUCKNER BURCH PLLC**
       8 Greenway Plaza, Suite 1500
       Houston, Texas 77046
       713-877-8788 – Telephone
       713-877-8065 – Facsimile
       rburch@brucknerburch.com

       **AND**

13

**Joshua P. Geist**
PA ID No. 85745
**GOODRICH & GEIST PC**
3634 California Ave.
Pittsburgh, Pennsylvania 15212
412-766-1455 – Telephone
412-766-0300 – Facsimile
josh@goodrichandgeist.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**