IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID L. WHITE,<br>     Plaintiff<br>VS.<br><br>VERIZON PENNSYLVANIA, LLC, a/k/a/<br>VERIZON COMMUNICATIONS, INC.<br>     Defendant | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW, comes the Plaintiff, David L. White, by his attorney, Melvin L. Vatz, Esquire, and sets forth the following in support of his Complaint:

### I.   PARTIES AND JURISDICTION

1. The Plaintiff David L. White is an adult individual, residing at 500 Glen Shannon Drive, Pittsburgh, PA 15234.

2. The Defendant, Verizon Pennsylvania, LLC is a Limited Liability Company, which operates a telecommunications business. It transacts business in the Western District Pennsylvania at 416 Seventh Avenue, Pittsburgh, PA 15219.

3. The Plaintiff brings this action alleging violations of the Americans with Disabilities Act, ("ADA") 42 U.S.C. §12101 *et.seq.* and the Family Medical Leave Act, ("FMLA") 29 U.S.C. §2601 *et.seq.*

4. This Court has jurisdiction as the Complaint raises federal questions. 28 U.S.C. §1331.

5. The Plaintiff exhausted administrative remedies pursuant to the ADA by filing a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 10, 2018, at Charge #533-2019-00603.

6. A Dismissal and Notice of Rights was issued by the EEOC on November 27, 2019.

## II. FACTS

7. Plaintiff was employed by Defendant as a sales associate beginning in 2004. He was last employed by the Defendant in that position on August 11, 2018, when his employment was terminated.

8. During his employment with the Defendant, the Plaintiff consistently met and exceeded his sales quotas, and received sales and incentive awards throughout the period of his employment.

9. In 2012 the Plaintiff was diagnosed with Alopecia Universalis, an auto-immune disorder which causes, *inter alia*, a complete loss of all body hair. The Plaintiff has been treating for this disorder since 2012.

10. As a consequence of his Alopecia Universalis disorder, which is incurable, the Plaintiff developed severe and debilitating depression.

11. The Plaintiff's depression is a serious medical condition which interferes with more than one major life function, including, but not limited to the Plaintiff's ability to work, sleep and interact with others.

12. Because of the Plaintiff's depression and its impact on his major life functions, he applied for and was granted leave pursuant to the FMLA from June 9, 2015 through October 14, 2015.

13. The Plaintiff was also granted intermittent FMLA leave at other times during his employment, as his depression symptoms exacerbated periodically preventing him from working for short periods of 1-2 days. These intermittent leaves were granted for 12-month periods, with the last leave expiring December 31, 2017.

14. On or about February 8, 2018 the Plaintiff experienced an exacerbation of his depression symptoms and notified Defendant that he needed to exercise a day of intermittent leave.

15. Defendant advised Plaintiff that his previous period of intermittent leave had expired, of which Plaintiff was unaware, and that he had to reapply for intermittent leave.

16. Plaintiff submitted Defendant's FMLA Certification Form to his physician relating to the February 8, 2018 absence.

17. While formal processing and approval of the request for FMLA was pending, Plaintiff missed work due to his depressive symptoms on February 12, 2018, February 22, 2018 and March 16, 2018.

18. On March 8, 2018, Defendant advised Plaintiff that the FMLA certification form that had been filled out by his treating mental healthcare provider was incomplete and requested further information regarding the treatment provided and frequency of visits.

19. On March 13, 2018, Plaintiff's treating mental health provider submitted the revised FMLA Certification form to Defendant.  The provider noted the following in support of the request for FMLA leave:

    a. Plaintiff suffered from a chronic condition, to wit: depression exacerbations;

    b. Plaintiff's condition would result in intermittent absences 1-2 times per month over the next 12 months.

20. Plaintiff's requested FMLA leave was approved for the February 8th absence. However, despite the healthcare provider having stated on the certification form that Plaintiff would require intermittent absences as described in ¶19b., the Defendant advised Plaintiff that it was denying his request for intermittent leave because the

healthcare provider had not put a checkmark on the line next to the box titled "Future Intermittent Absences", despite the information provided in that section of the form.

21. The Defendant then refused to allow FMLA leave for the Plaintiff's absences of February 12, February 22 and March 16, and considered those absences to be unexcused, attributing its refusal to recognize these as FMLA absences to Plaintiff not seeking FMLA approval within 25 days of the absences.

22. Defendant knew that the absences of February 12, 22 and March 16 were all related to the Plaintiff's serious medical condition, were exacerbations of his depression and should have been covered by his request for intermittent leave as certified by his mental healthcare provider.

23. Plaintiff was then granted a short-term disability leave for the period from April 3, 2018 through August 1, 2018, related to his depression.

24. Upon his return to work on August 9, 2018, Plaintiff was advised that he was being suspended for the period from August 11, 2018 through August 23, 2018 pending termination as a result of his unexcused absences on February 12, 2018 and February 22, 2018 even though the absence was related to his serious medical condition of depression as certified by his healthcare provider.

25. Defendant advised him that he was being placed on a "Step 4" discipline for unexcused absences, and that he would be moved back to "Step 3" if he did not have any further absences or other attendance issues before August 13, 2018.

26. Defendant then refused to apply his FMLA certification to the March 16, 2018 absence and imposed a "Step 5" discipline for that absence, which it used as alleged justification to terminate his employment.

27. All of the above absences were intermittent absences necessitated by Plaintiff's depression, as certified as necessitating intermittent leave by his mental health care provider to the Defendant.

## COUNT I

## VIOLATION OF FAMILY MEDICAL LEAVE ACT

28. Plaintiff incorporates the averments of Paragraphs 1 – 27 as if fully set forth herein.

29. Plaintiff is an eligible employee as defined by the FMLA, as he had been employed by Defendant for more than 12 months and had worked at least 1,250 hours in the previous 12-month period when he applied for intermittent FMLA leave.

30. Plaintiff's medical condition of depression constituted a serious medical condition as defined by the FMLA, 26 U.S.C. §2611(11).

31. Plaintiff provided proper medical certification of his need for intermittent FMLA leave.

32. Plaintiff's absences from work in February and March 2018 were all causally related to and necessitated by Plaintiff's serious medical condition of depression.

33. Plaintiff's employment was terminated for absenteeism which was related to his need for FMLA intermittent leave.

34. By terminating the Plaintiff's employment, Defendant interfered with Plaintiff's rights under the FMLA and/or retaliated against him for having exercised his rights under the FMLA, in violation of 26 U.S.C. §2615(a)(1).

35. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered damages, including the following:

    a. Loss of wages and fringe benefits of employment;

      b.   Costs and attorney fees.

      c.   All other legal and equitable relief to which he is entitled under the FMLA.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages, legal and equitable to which he is entitled.

## COUNT TWO

## VIOLATION OF AMERICANS WITH DISABILITIES ACT

36. Plaintiff incorporates the averments of Paragraphs 1-35 as if fully set forth herein.

37. Plaintiff suffered from and continues to suffer from a disability or disabilities as defined by the ADA, to-wit, Allopecia Universalis and depression, which disabilities substantially limit him in one or more major life activities.

38. Defendant was aware of Plaintiff's disabilities, and he sought accommodations from Defendant in order to perform the essential functions of his job as a sales associate.

39. With accommodation in the form of intermittent leave Plaintiff was able to form the essential functions of his job.

40. Plaintiff sought this accommodation and fully complied with all of Defendant's administrative requirements for accommodation requests.

41. Plaintiff's healthcare providers verified his need for intermittent leave in order to perform his job.

42. Defendant terminated the Plaintiff's employment for the alleged reason of absenteeism, when it knew that the Plaintiff's absences were related to and caused by his disability.

43. Defendant violated the ADA, 42 U.S.C. §12101 *et. seq.* by refusing to accommodate his disability through his request for intermittent leave.

44. As a direct and proximate result of the Defendant's violation of the ADA, the Plaintiff has suffered the following damages:

    a. Loss of wages and fringe benefits;

    b. Loss of wages and fringe benefits into the future;

    c. Emotional distress;

    d. Attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages, legal and equitable, to which he is entitled.

**A JURY TRIAL IS DEMANDED**

Respectfully submitted,

s/Melvin L. Vatz
Melvin L. Vatz, Esq.
247 Fort Pitt Blvd., 4th Floor
Pittsburgh, PA 15222
PA. I.D. #23655
Attorney for Plaintiff