# **EXHIBIT A**

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| LIFESTYLE EVOLUTION INC., a Pennsylvania corporation d/b/a NUGO NUTRITION, | : : : : | CIVIL DIVISION<br><br>Case No.: GD-20-004978 |
| Plaintiff, | : : | **COMPLAINT IN CIVIL ACTION** |
| v. | : : : | |
| CVS PHARMACY, INC., a Rhode Island corporation; CVS HEALTH SOLUTIONS, LLC, a Rhode Island limited liability company; and PENNSYLVANIA CVS PHARMACY, LLC, a Pennsylvania limited liability corporation, | : : : | |
| Defendants. | | |

Filed on Behalf of Plaintiff

Counsel of Record for this Party:

Shawn T. Flaherty, Esquire
Pa. I.D. # 43697

William F. Rogel, Esquire
Pa. I.D. #203348

Jaclyn M. DiPaola, Esquire
Pa. I.D. #322531

**FLAHERTY FARDO ROGEL & AMICK, LLC**
Firm # 527
812 Ivy Street | Shadyside
Pittsburgh, PA 15232

| | |
|---|---|
| Telephone No.: | 412-802-6666 |
| Facsimile No.: | 412-802-6667 |
| Email: | info@pghfirm.com |

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| LIFESTYLE EVOLUTION INC., a Pennsylvania corporation d/b/a NUGO NUTRITION, | : : : | CIVIL DIVISION |
| | : | Case No.: GD-20-004978 |
| Plaintiff, | : : | **COMPLAINT IN CIVIL ACTION** |
| v. | : : : | |
| CVS PHARMACY, INC., a Rhode Island corporation; CVS HEALTH SOLUTIONS, LLC, a Rhode Island limited liability company; and PENNSYLVANIA CVS PHARMACY, LLC, a Pennsylvania limited liability corporation, | : : : | |
| Defendants. | | |

### NOTICE TO DEFEND

  YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

  YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Allegheny County Bar Association Lawyer Referral Service<br>
400 Koppers Building - 436 Seventh Ave.<br>
Pittsburgh, PA 15219<br>
412-261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| LIFESTYLE EVOLUTION INC., a Pennsylvania corporation d/b/a NUGO NUTRITION, | : CIVIL DIVISION :<br>: Case No.: GD-20-004978 :  |
| Plaintiff, | : **COMPLAINT IN CIVIL ACTION** : |
| v. | : : |
| CVS PHARMACY, INC., a Rhode Island corporation; CVS HEALTH SOLUTIONS, LLC, a Rhode Island limited liability company; and PENNSYLVANIA CVS PHARMACY, LLC, a Pennsylvania limited liability corporation, | : : : |
| Defendants. | |

**COMPLAINT IN CIVIL ACTION**

AND NOW COMES Plaintiff, Lifestyle Evolution Inc. by and through its undersigned counsel, Flaherty Fardo Rogel & Amick, LLC, and files the within Complaint in Civil Action. In support thereof, Plaintiff avers as follows:

**PARTIES**

1. Plaintiff, Lifestyle Evolution Inc. has a principal place of business in Allegheny County at 520 2nd Street, Oakmont, PA 15139.

2. Plaintiff, Lifestyle Evolution Inc. does business as NuGo Nutrition (hereinafter "NuGo or "Plaintiff").

3. Defendant CVS Pharmacy, Inc. is a registered Rhode Island corporation with a principal place of business at One CVS Drive, Woonsocket, RI 02895.

3

4. Defendant, CVS Health Solutions, LLC is a registered Rhode Island corporation with a principal place of business at One CVS Drive, Woonsocket, RI 02895.

5. Defendant Pennsylvania CVS Pharmacy, LLC is a registered Pennsylvania limited liability company with a service address of 600 North 2nd Street, Suite 401, Harrisburg, PA 17101.

6. Defendants shall hereby collectively be referred to as "CVS."

7. CVS owns and operates numerous stores in Allegheny County.

## FACTUAL BACKGROUND

8. NuGo manufactures *inter alia* protein bars and/or snacks (hereinafter "Product").

9. On or about March 1, 2016, NuGo and CVS entered into a Supplier Agreement, whereby NuGo would supply CVS with an amount of Product that CVS requested. See Exhibit A. This Agreement was executed in Pennsylvania.

10. Pursuant to the Supplier Agreement, CVS had the option to deduct 2% for unsaleable Product.

11. From March 2016 through February of 2017, CVS ordered a total of $54,518.00 of NuGo's Product.

12. Per the 2016 Agreement, $1,091.00 was the agreed upon deduction (2% of unsaleable).

13. In March of 2017, CVS decided and agreed to expand the market in which it was going to sell NuGo's Product.

14. The parties executed a 2017 Supplier Agreement (See Exhibit B), whereby NuGo agreed to provide CVS with a 2% credit as to damages of the Product, in addition to the 2% unsaleable allowance, for a total of 4% off the invoice amount. This Agreement was executed in Pennsylvania.

15. Thereafter, NuGo continued to sell and deliver Product to CVS, which CVS received and accepted and successfully sold and, as a result, continued to order more Product.

16. From March 2017 through 2019, CVS ordered a total of $901,714.00 of NuGo's Product.

17. Per the new Agreement, $36,068.00 was the agreed upon deduction for these orders (2% of unsaleable and 2% for damages).

18. Accordingly, from 2016 through 2019, the agreed upon deductions came to a total of $37,159.00.

19. However, CVS, in bad faith and contrary to the Agreements, deducted a total of $241,923.89 for unsaleable and damages from 2016 through 2019.

20. Therefore, CVS deducted $204,764.89 over what the contact allowed for.

21. CVS owes NuGo $204,764.89 for the Product sold and delivered.

22. As an additional note, in an effort to expand the market in which NuGo's products were to be sold, it was agreed between the parties that NuGo would supply CVS with $347,394.00 worth of Product at no cost, which CVS readily accepted and sold.

23. The figure referenced in Paragraph 22 has not been included in either of the total sales or percentage deductions.

## COUNT I: BREACH OF CONTRACT

24. Plaintiff incorporates the foregoing paragraphs herein as if incorporated at length.

25. NuGo and CVS were parties to an enforceable contractual obligation beginning in 2016 whereby NuGo agreed to provide Product to CVS, and CVS agreed to pay for the same.

26. In March of 2017, NuGo and CVS agreed that CVS could deduct a total of 4% off the invoices, which included a 2% damage allowance and 2% unsaleable allowance.

27. Thereafter, NuGo provided Product to CVS on numerous occasions between March 2017 and 2019.

28. NuGo invoiced CVS in accordance with the agreement.

29. Payment was due within thirty (30) days of receipt of the invoices.

30. In sum, overall, CVS ordered a total of $956,232.00 of NuGo's Product, which NuGo supplied to CVS and CVS received and accepted.

31. CVS deducted a total of $241,923.89 for damages and unsaleable.

32. The agreed upon deduction, however, totaled $37,159.00.

33. Therefore, CVS deducted $204,764.89 over what the contact allowed for.

34. NuGo has been damaged by CVS' breach of contract, as NuGo delivered Product and incurred costs for the benefit of CVS, the expected compensation for which has not been paid.

35. Therefore, CVS has caused financial harm to Plaintiff in the minimum amount of $204,764.89 for breach of contract.

WHEREFORE, Plaintiff demands judgment be entered in its favor and against Defendant in the minimum amount of $204,764.89 and any other such relief as this Court may deem appropriate.

## COUNT II: UNJUST ENRICHMENT
*Pled in the Alternative to Count I*

36. NuGo incorporates the foregoing paragraphs as if set forth herein at length.

37. NuGo delivered Product to CVS for its own benefit and gain.

38. NuGo reasonably expected to be paid or receive adequate consideration in return for the Product provided.

39. CVS knew NuGo reasonably expected such payment and benefit.

40. CVS has directly benefited from the Product provided by the NuGo in a minimum amount of $204,764.89.

41. CVS nevertheless refuses to pay NuGo for the Product it received and accepted and from which CVS benefitted by reselling.

42. NuGo believes that CVS owes Plaintiff the reasonable value of its products and services an amount not less than $204,764.89.

WHEREFORE, Plaintiff demands judgment be entered in its favor and against Defendant in the minimum amount of $204,764.89 and any other such relief as this Court may deem appropriate.

Respectfully Submitted,

FLAHERTY FARDO ROGEL & AMICK, LLC,

Dated:  May 26, 2020          By:   */s/ Jaclyn M. DiPaola*
                                    Jaclyn M. DiPaola, Esq.
                                    Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| LIFESTYLE EVOLUTION INC., a Pennsylvania corporation d/b/a NUGO NUTRITION, | : CIVIL DIVISION<br>:<br>: Case No.: GD-20-004978 |
| Plaintiff, | :<br>: **COMPLAINT IN CIVIL ACTION** |
| v. | :<br>: |
| CVS PHARMACY, INC., a Rhode Island corporation; CVS HEALTH SOLUTIONS, LLC, a Rhode Island limited liability company; and PENNSYLVANIA CVS PHARMACY, LLC, a Pennsylvania limited liability corporation, | :<br>:<br>: |
| Defendants. | |

## VERIFICATION

I, ___David Levine___, authorized representative of Lifestyle Evolution Inc., aver that the statements contained in the attached Complaint in Civil Action are true and correct to the best of my information, knowledge and belief, and are made subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904 relating to the unsworn falsification to authorities.

_____
CEO, Lifestyle Evolution, Inc.
Date: May 25, 2020

8

Supplier Agreement 32899

*Printed 3/1/2016 11:17:14 AM*

## 2016 Supplier Agreement

Supplier Number: 32899
Supplier Name: NUGO NUTRITION
Supplier Address: PO BOX 14310, PITTSBURGH, PA 15239
Supplier Terms: 2/30/45

Representative: Alyssa Nard
Category Manager: 9  -  DAVE HENRIKSEN
Category: 00  -  UNKNOWN

### Contracts  (Visible on PO)

| Contract Line on PO: | Contract Type: | Rate/ Amount | Prfm. Req. (Y/N) | S = Supplier | D= Deduct<br>B = Bill<br>O = Off Inv. | Q = Quarterly<br>S = Semi-Annually<br>A = Annually | Begin Date: | Cancel Date: |
|---|---|---|---|---|---|---|---|---|

Special Notes:

### Volume  (Not Visible on PO)

### Business Development

Fixed Amount:
Variable Amount:
Total Funds Negotiated:
Special Notes: Notes:

Based On:   % of
From:   1/1/2016   To:   12/31/2016

Collect Method: Deduct
Supplier's   Estimated Volume Amount

Other Supplier Numbers that
Apply to this Entire SAF:

Special Notes:   THH 2.0 - Limited Distribution

2% Unsaleables Allowance

12 free pieces/SKU/Store and $5 Marketing Fee/SKU/Store - A piece is an individual bar.

The following CVS Policies are acknowledged and agreed to by NUGO NUTRITION:
CVS WILL NOT SEND PROOF OF PERFORMANCE.   IT IS YOUR RESPONSIBILITY TO OBTAIN "TEAR SHEETS" IF YOU REQUIRE THEM.
CVS REQUIRES THAT YOU SUPPORT THE MARKDOWN LIABILITY OF DISCONTINUED PRODUCT.
CVS REQUIRES THAT YOU SUPPORT THE MARKDOWN LIABILITY OF SEASONAL PRODUCT.
A SUPPLIER MERCHANDISING ALLOWANCE WILL BE DEDUCTED ANUALLY @   PER SKU.
SUPPLIERS ARE SUBJECT TO A POST AUDIT REVIEW OF ALL TRANSACTIONS.
VENDOR SUPPORTS NEW STORE OPENINGS BY PROVIDING 3 PIECES PER SKU OF FREE GOODS TO BE GIVEN QUARTERLY.
FSI Coupons not paid on time and in full will be charged back to vendor and assessed with a $15 or $30 fee per invoice.
STATEMENT TO CVS THAT INCLUDES ALL OPEN TRANSACTIONS INCLUDING, BUT NOT LIMITED TO, EACH OPEN INVOICE AND EACH OPEN CREDIT.
DURING THE TERM OF THIS AGREEMENT, UPON REQUEST FROM CVS, SUPPLIER AGREES TO PROVIDE A COMPLETE AND ACCURATE ACCOUNT
Scanback calculation utilizes all units sold while the weekly ad promotion is active at stores.We will bill scanbacks the week following the promotional week.
Standard terms for CVS suppliers are from Receipt of Product in a CVS Distribution Center or retail store
Cash in bank payment terms are not recognized, nor accommodated within CVS payment systems
BUSINESS DEVELOPMENT FUNDS WILL BE DEDUCTED AT THE START OF THE EVENT.

The above is written confirmation of an agreement between CVS and NUGO NUTRITION
Category Manager Signature: _____   Date: _____
Supplier Representative  *[signature]*   Date:  3-1-16

*Supplier Agreement Page 1 of 1*

EXHIBIT A

Supplier Agreement 2017 32899

## CVS
### 2017 Supplier Agreement

*Printed 3/1/2017 9:40:01 AM*

**Supplier Number:** 32899
**Supplier Name:** NUGO NUTRITION
**Supplier Address:** PO BOX 14310, PITTSBURGH, PA 15239
**Supplier Terms:** 2/30/45

**Representative:** Alyssa Nard
**Category Manager:** 9 - OPEN
**Category:** 24 - SNACKS

### Contracts   (Visible on PO)

| Contract Line on PO: | Contract Type: | Rate/ Amount | Prfm. Req. (Y/N) | S = Supplier I = Item | D= Deduct B = Bill O = Off Inv. | Q = Quarterly S = Semi-Annually A = Annually | Begin Date: | Cancel Date: |
|---|---|---|---|---|---|---|---|---|
| Other | Damages | 2 % | Yes | S | O | | 2/22/2017 | |

**Special Notes:**

### Volume Incentives   (Not Visible on PO)

### Business Development Funds

**Fixed Amount:**
**Variable Amount:**          **Based On:** % of
**Total Funds Negotiated:**   **From:** 1/1/2017  **To:** 12/31/2017

**Collect Method:** Deduct
**Supplier's Estimated Volume Amount**

**Special Notes:** Notes:

**Other Supplier Numbers that Apply to this Entire SAF:**

**Special Notes:** THH 2.0 - Limited Distribution

2% Unsaleables Allowance

12 free pieces/SKU/Store and $5 Marketing Fee/SKU/Store - A piece is an individual bar.

The following CVS Policies are acknowledged and agreed to by NUGO NUTRITION:
CVS WILL NOT SEND PROOF OF PERFORMANCE. IT IS YOUR RESPONSIBILITY TO OBTAIN "TEAR SHEETS" IF YOU REQUIRE THEM.
CVS REQUIRES THAT YOU SUPPORT THE MARKDOWN LIABILITY OF DISCONTINUED PRODUCT.
CVS REQUIRES THAT YOU SUPPORT THE MARKDOWN LIABILITY OF SEASONAL PRODUCT.
A SUPPLIER MERCHANDISING ALLOWANCE WILL BE DEDUCTED ANUALLY @ PER SKU.
SUPPLIERS ARE SUBJECT TO A POST AUDIT REVIEW OF ALL TRANSACTIONS.
VENDOR SUPPORTS NEW STORE OPENINGS BY PROVIDING 3 PIECES PER SKU OF FREE GOODS TO BE GIVEN QUARTERLY.
FSI Coupons not paid on time and in full will be charged back to vendor and assessed with a $15 or $30 fee per invoice.
STATEMENT TO CVS THAT INCLUDES ALL OPEN TRANSACTIONS INCLUDING, BUT NOT LIMITED TO, EACH OPEN INVOICE AND EACH OPEN CREDIT.
DURING THE TERM OF THIS AGREEMENT, UPON REQUEST FROM CVS, SUPPLIER AGREES TO PROVIDE A COMPLETE AND ACCURATE ACCOUNT
Scanback calculation utilizes all units sold while the weekly ad promotion is active at stores.We will bill scanbacks the week following the promotional week.
Standard terms for CVS suppliers are from Receipt of Product in a CVS Distribution Center or retail store
Cash in bank payment terms are not recognized, nor accommodated within CVS payment systems
BUSINESS DEVELOPMENT FUNDS WILL BE DEDUCTED AT THE START OF THE EVENT.

The above is written confirmation of an agreement between CVS and NUGO NUTRITION

**Category Manager Signature:** _____  **Date:** _____

**Supplier Representative Signature:** *[signature]*  **Date:** 3-8-17

*Supplier Agreement Page 1 of 1*

# EXHIBIT B