IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANTHONY C. INFANTI, | CIVIL ACTION NO.: |
|---|---|
| Plaintiff, | |
| vs. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | COMPLAINT |
| Defendant | |

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from plaintiff by defendant U.S. Department of Homeland Security (DHS) and its component U.S. Citizenship and Immigration Services (USCIS).

**Jurisdiction and Venue**

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

3. Plaintiff is an individual who resides at 807 Ridgefield Avenue in Mt. Lebanon, Allegheny County, Pennsylvania.

4. Defendant DHS is a department of the executive branch of the United States government, and includes the component entity USCIS. DHS is an agency within the meaning of 5 U.S.C. § 552(f).

**Plaintiff's FOIA Request and USCIS's Partial Denial**

5. On or about September 23, 2019, plaintiff submitted a FOIA request to USCIS through its online portal for information regarding Hristo Ivanov. By letter dated October 9, 2019 (copy attached as Exhibit 1), USCIS acknowledged receiving that request on September 23, 2019, and assigned that request control number NRC2019619534.

6. On or about November 8, 2019, USCIS informed plaintiff by letter (copy attached as Exhibit 2) that his request was granted in part with respect to documents that USCIS possessed, and USCIS provided plaintiff with redacted copies of the released documents.

7. By separate letter also dated November 8, 2019 (copy attached as Exhibit 3), USCIS informed plaintiff that his request was denied with respect to a Gray Audograph Disc (Disc) in its files on the ground that USCIS does not possess the technology to reproduce or process that type of media.

8. On or about November 15, 2019, plaintiff contacted USCIS by email as directed in the November 8, 2019, denial letter. In that email correspondence (copy attached as Exhibit 4), plaintiff inquired about whether it would be possible to listen to the Disc if he were to come to wherever the Disc was housed or, if not, whether it would be possible for plaintiff to cover the cost of conversion of the Disc to a more accessible format (e.g., MP3). Plaintiff received responses to those emails that repeated the initial denial and suggested that an appeal of the denial might be filed.

9. On or about November 25, 2019, plaintiff filed an appeal of USCIS's denial of plaintiff's request regarding the Disc (copy attached as Exhibit 5).

10. On or about December 9, 2019, USCIS sent two letters to plaintiff. Each letter was dated December 9, 2019. The first letter (copy attached as Exhibit 6) acknowledged receipt of

plaintiff's FOIA appeal on or about December 3, 2019, and assigned the appeal control number APP2019501805. The second letter (copy attached as Exhibit 7) denied plaintiff's appeal, restating the original ground for denial of the request.

11.     On or about May 31, 2020, plaintiff contacted the Office of Government Information Services (OGIS) within the National Archives and Record Administration by email (copy attached as Exhibit 8) to seek assistance with mediating plaintiff's request for the Disc, restating plaintiff's offer to cover the cost of converting the disc so that USCIS might review the contents of the disc and release any portions not exempt under FOIA to plaintiff.

12.     On or about June 18, 2020, OGIS informed plaintiff by letter (copy attached as Exhibit 9) that "OGIS contacted USCIS FOIA officials to inquire about your request and the agency's response. According to USCIS FOIA officials, the agency is firm in its position that the audiograph disc you seek must be withheld. USCIS explained that the agency does not maintain the technology to process audiograph records, and the FOIA does not require agencies to obtain equipment solely to process FOIA requests for records that are in particular formats. Because USCIS does not have the technology to review the responsive audiograph disc for exempt information, the agency will withhold the record you seek."

13.     Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request for the contents of the Disc.

14.     Defendant has wrongfully withheld the requested records from plaintiff because the Disc can be converted without undue burden to MP3 (or another readily accessible) format and defendant has failed to "make reasonable efforts to maintain its records in forms or formats that are reproducible." 5 U.S.C. § 552(a)(3)(B).

**Requested Relief**

WHEREFORE, plaintiff prays that this Court:

    A.    order defendant to make arrangements for the Gray Audograph Disc in its possession to be converted to MP3 or other easily accessible audio format that it can process;

    B.    order defendant to review the record for any exempt material;

    C.    order defendant to disclose any and all nonexempt material to plaintiff in MP3 or other easily accessible audio format;

    D.    provide for expeditious proceedings in this action;

    E.    award plaintiff his costs and reasonable attorneys' fees incurred in this action; and

    F.    grant such other relief as the Court may deem just and proper.

Dated this 29th day of June, 2020.

                                  Respectfully submitted,

Anthony C. Infanti
807 Ridgefield Ave.
Pittsburgh, PA 15216
Tel.: (412) 897-2165
Email: ainfanti19@gmail.com