IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENISE KING, | : | |
| | : | |
| *Plaintiff*, | : | Civil Action No.: |
| | : | |
| v. | : | |
| | : | |
| MICHAEL BAKER INTERNATIONAL, | : | |
| | : | |
| *Defendants*. | : | |

## **COMPLAINT**

AND NOW, comes the Plaintiff, Denise King, by and through her undersigned counsel, Sean A. Casey, Esquire, and files the following Complaint:

**Nature of the Action**

This is an action brought pursuant to the Americans with Disabilities Act Amendment Act (ADAAA), as amended 42 U.S.C. §12010 et. seq., Age Discrimination Employment Act of 1967 (ADEA), the Family Medical Leave Act, 29 U.S.C. §2601, Pennsylvania Human Relations Act, as well as retaliation for exercising her rights under these various statutes. The Plaintiff, Denise King, seeks declaratory, injunctive, and compensatory relief for the discriminatory conduct, retaliation, and termination of her position by the Defendant in this matter.

### Parties

1. Plaintiff, Denise King, is an adult individual, who currently resides at 1111 Dana Drive, Bethel Park, PA 15102. At the time of her termination, the Plaintiff was forty-six (46) years of age.

2. At all times relevant hereto, the Plaintiff was a qualified individual and otherwise possessed all qualifications necessary to perform the essential functions of the job.

3. Defendant, Michael Baker International is a company headquartered in the state of Pennsylvania, at 500 Grant Street, Suite 5400, Pittsburgh, PA 15219.

4. It is estimated that the Defendant Michael Baker International has well over fifty (50) employees in Western Pennsylvania.

### Jurisdiction

5. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §1331, relating to federal questions. Supplemental jurisdiction over the related state law claim is conferred by 28 U.S.C. §1367(a).

6. Venue is proper in this case pursuant to 28 U.S.C. §1391(b).

### Statements of Fact

7. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

8. The Plaintiff, Denise King, accepted employment with the Defendant on or about November 30, 2015, with the job title of tax manager.

9. By training, the Plaintiff is a CPA and served primarily in a tax function.

10. Though the Plaintiff's title was tax manager, in addition to handling various tax returns and tax issues, she also had a number of other job responsibilities that included many general accounting functions.

11. In early March of 2019, the Plaintiff began to experience significant and severe symptoms related to her medical condition.

12. The symptoms would cause her to get fatigued, foggy and disoriented, creating issues with cognition and comprehension.

13. That same month, the Plaintiff began using intermittent FMLA leave. Her primary care physician filled out paperwork required by the Employer.

14. Shortly thereafter, the Plaintiff also made requests to be allowed to work additional days from home due to her health issues.

15. At that time, the Plaintiff was already working one (1) day a week from home.

16. The Plaintiff's work is primarily done using computers.

17. The Plaintiff maintained that working from home would not have changed the quality of her work and would otherwise allowed her to perform all of the essential functions of her job.

18. In late July of 2019, the Defendant brought in a much younger female individual to work with the tax department.

19. The Plaintiff was asked to train this individual, and specifically to "show her everything you do."

20. Several weeks later, the Defendant hired an additional younger male individual into the department.

21. On or about August 12, 2019, the Plaintiff was again asked to train this individual.

22. The Plaintiff was not able to train that individual, as the Plaintiff needed to take additional FMLA leave.

23. While the Plaintiff was off on FMLA leave, she was called at home on August 21, 2019, and was told she was being terminated.

24. The reason given by the Defendant was that they were eliminating her position, but the Plaintiff believes that most of her job responsibilities were not eliminated, especially given the training that she had just given to a younger individual.

25. The Plaintiff believes that the new controller in the company had an expressed interest in hiring younger individuals.

26. The Plaintiff's age, coupled with her medical condition and need for accommodation, made her an unattractive employee for this new controller.

27. The Plaintiff maintains that even if they were eliminating the job title of "Tax Manager," there were a number of other positions similar to hers, that she could have very easily transferred into given her familiarity with the company and its procedures, and the multitude of the job responsibilities that she had during her employment with Michael Baker International.

28. On or about November 22, 2019, the Plaintiff, Denise King, filed a Charge with the EEOC Pittsburgh Office.

29. On or about April 14, 2020, the EEOC advised in correspondence they intended to issue a Notice of Right to Sue. (Exhibit 1)

### Count 1: Disability Discrimination: ADAAA & PHRA

30. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

31. The Defendant failed to engage in the interactive process and terminated her while on medical leave.

32. The Defendant expressed discriminatory animus and committed discriminatory acts against the Plaintiff in violation of the Americans with Disabilities Act Amendment Act, as amended 42 U.S.C. §12010 et. seq., and the Pennsylvania Human Relations Act, 43 P.S. §951 *et. seq*.

33. Defendant's actions were done with malice or reckless disregard of Plaintiff's federally protected rights.

34. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, reinstating her to the position she would have occupied but for the Defendant's discriminatory conduct, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

**Count 2: FMLA**

35. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

36. This case is brought pursuant to the Family Medical Leave Act (FMLA), 29 U.S.C. 2601 *et. seq.*

37. Defendant violated and intentionally interfered with Plaintiff's rights under the Family Medical Leave Act (FMLA) 29 U.S.C. §2601 *et. seq.*, terminating Plaintiff while on medical leave.

38. Plaintiff, Denise King, was an employee of the Defendant, and entitled to leave pursuant to 29 CFR 825.114, which leave was denied by the Defendant.

39. Plaintiff was notified of her termination on August 21, 2019, while on medical leave.

40. Plaintiff maintains that the Defendants violated the FMLA by interfering with Plaintiff's use of medical leave, and ultimately terminating her for said medical leave.

41. Plaintiff maintains that the employer violated the FMLA by not allowing the Plaintiff to return to her position with accommodations and terminating her while attempting to use said leave.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, reinstating her to the position she would have occupied but for the Defendant's discriminatory conduct, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated

damages, declaratory and injunctive relief, attorney's fees and costs, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### **Count 3: ADEA**

42. Paragraphs 1 through 31 above are incorporated herein by reference as though fully set forth.

43. Plaintiff was forty-six (46) years of age when terminated by the Defendant.

44. Plaintiff is aware of other younger individuals hired by the Defendant, that the Defendant had requested her to train them to handle the job duties she was performing.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, reinstating her to the position she would have occupied but for the Defendant's discriminatory conduct, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### **Count 4: Retaliation: ADAAA, PHRA & FMLA**

45. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

46. Plaintiff had disclosed her medical conditions, and had requested medical leave, which constituted protected activity under these statutes.

47. As a result, Plaintiff was harassed, humiliated, terminated, and discriminated against by the Defendant in retaliation for the disclosure of her medical conditions and the assertion of her rights under the FMLA, ADAAA and PHRA.

48. Under the Family Medical Leave Act, the ADAAA, and the PHRA, a retaliatory action by an employer toward an employee for exercising their statutory rights is a violation of that statute and against public policy.

49. As a direct and proximate result of Defendant's actions in violation of the PHRA, Plaintiff suffered lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, reinstating her to the position she would have occupied but for the Defendant's discriminatory conduct, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

...

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

A)      Grant a permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert and participation with them, from engaging in, ratifying, or refusing to correct, employment practices which interfere with the exercise of rights and/or discriminate in violation of the Family Medical Leave Act and ADAAA;

B)      Order Defendant to institute and implement training programs, policies, and practices and programs designed to ensure the Defendant provides proper leave and does not retaliate and/or interfere with those who engage in statutorily protected activity;

C)      Order Defendant to make whole Denise King, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, compensate her for lost benefits, and all other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practice;

D)      Order Defendant to pay Plaintiff compensatory damages in an amount to be determined at trial;

E)      Order Defendant to pay Plaintiff the reasonable attorney's fees and costs and other legal expenses incurred by the Plaintiff in this matter;

F)      Order Defendant to remove and expunge, or to cause to be removed or expunged, all negative, discriminatory, and/or defamatory memorandum or other documentation from the Plaintiff's record of employment; and

G) Award the Plaintiff such other legal and equitable relief as the Court deems appropriate and just.

Respectfully submitted

/s/ Sean A. Casey
Sean A. Casey
PA ID #79806
Email: sean@caseylegal.com

**SEAN A. CASEY, ATTORNEY AT LAW**
First & Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
T: (412) 201-9090
F: (412) 281-8481

Counsel for Plaintiff,
Denise King