# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : : : CIVIL ACTION NO. |
| Plaintiff, | : |
| v. | : |
| LOVING KINDNESS HEALTHCARE SYSTEMS, LLC and SCOTT TAYLOR, | : : |
| Defendant(s). | : |

## COMPLAINT

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Loving Kindness Healthcare Systems, LLC and Scott Taylor (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Loving Kindness Healthcare Systems, LLC ("LKHS"), is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 155 North Craig Street, Suite 160, Pittsburgh, PA 15213. Defendant is engaged in a home health care business at that address within the jurisdiction of this Court.

3. Defendant Scott Taylor ("Taylor") is a member and owner of LKHS in Pittsburgh, Pennsylvania, within the jurisdiction of this Court. Taylor has directed employment practices and has directly or indirectly acted in the interest of LKHS in relation to its employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, setting rates and methods of compensation, and supervising employees day-to-day.

4. Defendants employ persons in domestic service, which affects commerce per Section 2(a)(5) of the Act. Defendants' employees assist disabled and elderly clients with activities of daily living such as shopping, cooking, and housekeeping, which involves handling or otherwise working on goods or materials that have been moved in or produced for commerce.

5. LKHS has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Defendants are employed in an enterprise engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce within the meaning of Section 3(s)(1)(A) of the Act.

6. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid

overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

7. For example, during the time period from at least November 20, 2016 through at least May 11, 2019, Defendants failed to compensate employees such as home health care workers who worked over 40 hours in a workweek at one and one-half times their regular rate.  Defendants' employees regularly worked over 40 hours per week, with several working 100 hours per week or more in some workweeks.

8. Defendants were aware that they were required to compensate employees who worked more than 40 hours at that overtime rate.  Defendants converted their home health care workers from independent contractors to employees in 2016 following an investigation by the Pennsylvania Department of Public Welfare, but continued to pay them straight time for overtime. Even though Defendants began paying certain employees an overtime premium in 2017, it continued to pay others straight time for overtime.

9. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. For example, Defendants failed to maintain accurate and complete employee time records showing hours worked by day or week, and amounts paid by workweek.  29 C.F.R. §§ 516.2, 516.5, 516.6.  Defendants failed to keep proper records of overtime hours and overtime premiums due.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

A.     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

B.     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of November 20, 2016 through May 11, 2019, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after May 11, 2019, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

C.     In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
|---|---|
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>170 S. Independence Mall West<br>Suite 630E, The Curtis Center<br>Philadelphia, PA 19106 | Kate S. O'Scannlain<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor |
| (215) 861-5130 (voice)<br>(215) 861-5162 (fax)<br><br>kooi.ryan.m@dol.gov | /s/ John Strawn<br>John Strawn<br>Senior Trial Attorney<br>PA 49789<br><br>/s/ Ryan M. Kooi<br>Ryan M. Kooi<br>Trial Attorney<br>PA 94126; NJ 02829-2004 |