## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS LEE STIFFLER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | C.A. No. |
| **v.** | : | |
| | : | |
| **WILLIAM BARR, Attorney General of** | : | |
| **the United States; and REGINA** | : | |
| **LOMBARDO, Acting Director of the** | : | |
| **Bureau of Alcohol, Tobacco, Firearms and** | : | |
| **Explosives,** | : | |
| | | |
| **Defendants.** | | |

## COMPLAINT

Plaintiff Thomas Lee Stiffler, by and through his counsel of record, The Daniel Law Group, PLLC, files the following Complaint against Defendants William Barr, Attorney General of the United States; and Regina Lombardo, Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, and states as follows:

## Introduction

1.   This matter is an as-applied challenge to the constitutionality of a federal statute prohibiting the plaintiff from possessing a firearms due to plaintiff's prior criminal conviction for a misdemeanor under Pennsylvania law.   Pursuant to the rational set forth in *Binderup v. Attorney Gen. United States of Am.*, 836 F.3d 336, 344 (3d Cir. 2016), plaintiff seeks to have his civil rights under the Second Amendment to the United States Constitution restored.

**Parties**

2.  Plaintiff Thomas Lee Stiffler ("Thomas") is a adult individual with a residential address of 225 North Brady Street, Blairsville, Pennsylvania 15717.

3.  Defendant William Barr is sued in his capacity as the Attorney General of the United States of America.  In that role, Defendant Barr is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies complained of in this action.

4.  Defendant Regina Lombardo is sued in her capacity as the Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives.  In that role, Defendant Lombardo is responsible for executing and administering the laws, customs, practices and policies of the United States of America, and is presently enforcing the laws, customs, practices and policies complained of in this action.

**Jurisdiction and Venue**

5.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, and 2202.

6.  Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claim occurred, and the Plaintiff resides, in this judicial district.

**Factual Background**

7.  Thomas is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of domestic violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated as being mentally defective or been committed to a mental institution, has not been discharged from the United States of America Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner.

8.  Pursuant to 18 U.S.C.A. § 922(g)(1), Thomas is currently prohibited from possessing and owning any firearm or ammunition because in 2004 he pled guilty to a crime punishable by imprisonment for a term exceeding one year; specifically, one count of Unlawful Contact with a Minor, 18 Pa.C.S.A. § 6318(a)(1), graded as a Misdemeanor of the First Degree (the "Underlying Offense").

9.  Thomas's guilty plea to the Underlying Offense is the only basis that acts to prohibit Thomas from exercising his civil rights to own and possess a firearm.

10.  The factual events giving rise to Thomas's guilty plea begin in 2003, when Thomas, his wife, and their biological children were serving as a foster family in Indiana County, Pennsylvania, for children deemed dependent by Pennsylvania's Children and Youth Services.

11.  At that time Thomas and his family decided to take into their home a minor child who was deemed dependent by Indiana County Children and Youth Services.

12.  The placement of that child in Thomas's home went well, resulting in Indiana County Children and Youth Services seeking to place that child's sibling (the "Minor") in Thomas's household too.

3

13.   With the Minor then living in a group home, and a belief that it would be in the best interests of the Minor and her sibling if they resided together in the same household, Thomas and his family agreed to also take the Minor into their home.

14.   On or about November 17, 2003, the Minor was working as a waitress at a local restaurant, with Thomas picking her up at the end of her shift and the two of them traveling back to their home.

15.   Upon arriving at their home and finding that none of the other residents were there, Thomas and the Minor consumed alcoholic beverages and began talking with each other.

16.   Thomas and the Minor then had a consensual sexual encounter.

17.   The following day the Minor did not return to the family residence following school, causing Thomas to report her disappearance to authorities.

18.   Investigations subsequently revealed that the Minor, following school that day, had traveled to Altoona, Pennsylvania, in order to visit with her biological mother.

19.   When the Pennsylvania State Police located and took the Minor into their custody, she informed the police of the sexual encounter she had with Thomas.

20.   Based on the Minor's allegations, the Pennsylvania State Police filed criminal charges against Thomas, which included the Underlying Offense.

21.   On August 30, 2004, Thomas entered a plea of guilty to the Underlying Offense.

22.   On December 10, 2004, the Indiana County Court of Common Pleas sentencing Thomas to, *inter alia*, a period of incarceration of "not less than three (3) months nor more than twelve (12) months .... [followed by] probation ... for a period of three (3) years" on the Underlying Offense.

23.   On December 11, 2004, Thomas began serving his sentence for the Underlying Offense at the Indiana County Jail.

24.   On December 22, 2004, the Court granted Thomas work release, directing Thomas's release from incarceration every Monday through Friday from 8:45 a.m. to 9:00 p.m., and every Saturday from 5:45 a.m. to 1:00 p.m. so he could continue his employment as a machinist.

25.   On January 3, 2005, the Indiana County Court of Common Pleas directed that Thomas be released from imprisonment and be granted parole.

26.   Based on these aforesaid Orders, Thomas served 17 days of full incarceration and seven days of work release on the Underlying Offense before being released on parole for the remainder of his sentence.

27.   Thomas completed all aspects of his sentence on time and without incident, including the payment of all fines, his three years of prohibition, and undergoing and receiving clean bills of health for drug and alcohol abuse.

28.   Thomas's guilty plea to the Underlying Offense does not prohibit him from possessing a firearm under Pennsylvania law.  18 Pa.C.S.A. §6105.

29.   However, federal law does prohibit him from possessing a firearm because the Underlying Offense is a misdemeanor of the first degree, which carries a potential period of incarceration of up to five years.  That potential sentence exceeds the exception found in 18 U.S.C.A. §921(a)(20)(B) that "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less" cannot result in a loss of a person's civil rights to own and possess a firearm.

30.   The Underlying Offense is not serious enough to strip Thomas of his Second Amendment rights because the Underlying Offense is a misdemeanor under Pennsylvania law, does not have an element of force in it, the sentence imposed on Thomas was light, the Pennsylvania legislature has taken legislative action that shows it views the Underlying Offense as non-serious, and the Underlying Offense is factually and legally similar to the offense of corruption of a minor that the Third Circuit in *Binderup, supra*, held to be a non-serious crime for purposes of this analysis.

31.   Thomas is not a danger to public safety, and this total disarmament will not promote public safety, as the Underlying Offense occurred almost 17 years ago, and since then Thomas has not had any criminal charges filed against him.

**Defendants' Regulatory Scheme**

32.   Title 18, United States Code § 922(g)(1) prohibits the possession of firearms by any person convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. 18 U.S.C. § 924(a)(2).

33.   The term "crime punishable by imprisonment for a term exceeding one year ... does not include ... (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20). But because the Underlying Offense has a potential term of incarceration of greater than two years, § 921(a)(20) does not apply, and the Underlying Offense acts to prohibit Thomas from owning or possessing a firearm.

34.   Title 18, United States Code §922(d)(1) prohibits anyone from transferring firearms or ammunition to anyone who the transferor has reason to know was convicted of "a crime punishable

6

by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. 18 U.S.C. § 924(a)(2).

35. All firearms purchasers within the United States who do not possess a Federal Firearms License, meaning virtually all ordinary civilians users of firearms, must complete "Form 4473, Firearms Transaction Record," administered under Defendants' authority, in order to purchase a firearm. 27 C.F.R. § 478.124. Question 11c on Form 4473 asks "[h]ave you ever been convicted in any court of a felony, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?"

36. Answering yes to this question results in the firearms dealer having reasonable cause to believe that the transfer to the applicant is prohibited, resulting in the firearms dealer refusing to transfer any firearms to the applicant, and the applicant therefore being unable to exercise his or her rights under the Second Amendment to the United States Constitute to own and possess a firearm.

**Defendants' Thwarting of Thomas's Presently Intended Transaction.**

37. Thomas desires and intends to possess firearms for self-defense and for defense of his family.

38. Owing to his guilty plea to the Underlying Offense, that misdemeanor conviction, as interpreted and enforced by the Defendants, prohibits Thomas from following through with his intent to obtain a firearm.

39. Thomas is refraining from obtaining a firearm only because he reasonably fears arrest, prosecution, incarceration and a fine pursuant to the Defendants' interpretation and enforcement of 18 U.S.C. § 922(g)(1) should Thomas follow through with his plan to obtain a firearm.

7

40.  Thomas refrains from purchasing a firearm from a private party because doing so would subject him to arrest, prosecution, incarceration and fine pursuant to the Defendants' interpretation and enforcement of 18 U.S.C. §922(g)(1).

41.  Due to these restrictions, resulting in Thomas being unable to lawfully obtain and possess a firearm, Thomas suffers the ongoing harm of being unable to exercise his rights under the Second Amended to the United States Constitution to obtain a firearm due to the Defendants' interpretation and enforcement of 18 U.S.C. §922(g)(1).

**COUNT I -**
**INDIVIDUALIZED, AS-APPLIED CLAIM FOR RELIEF ON THOMAS'S RIGHT TO**
**KEEP AND BEAR ARMS PURSUANT TO THE U.S. CONST. AMEND. II**

42.  Thomas incorporates paragraphs 1 through and including 41 hereof, inclusive.

43.  Pursuant to the rationale and holding set forth in *Binderup v. Attorney Gen. United States of Am.*, 836 F.3d 336, 344 (3d Cir. 2016) and its progeny, the Underlying Offense is not a serious crime sufficient to strip away Thomas's Second Amendment rights.

44.  Thomas is a responsible, law abiding American citizen.  He has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms than an average, law-abiding responsible citizen.  Thomas is unlikely to act in a manner dangerous to public safety, and his possession of a firearm would not be contrary to the public interest.

45.  On account of Thomas's unique personal circumstances, including but not limited to the nature of his misdemeanor conviction, the passage of time since that conviction, the non-violent and non-serious nature of Thomas's offense, and Thomas's law-abiding record over the 17 years since

his conviction, it is unconstitutional to apply against Thomas, personally, the firearms prohibition of 18 U.S.C. § 922(g)(1), on account of his misdemeanor conviction for the Underlying Offense.

## PRAYER FOR RELIEF

**WHEREFORE**, Thomas requests that judgment be entered in his favor and against Defendants as follows:

1. A declaration that 18 U.S.C. §922(g)(1) cannot be applied against Thomas on account of his 17 year old misdemeanor conviction for the Underlying Offense;

2. A declaration that application of 18 U.S.C. §922(g)(1) against Thomas, on account of his 17 year old misdemeanor conviction for the Underlying Offense violates the Second Amendment to the United States Constitution;

3. An order permanently enjoining Defendants, their officers, agents, servants, employees and all person working in concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. §922(g)(1) against Thomas on the basis of his 17 year misdemeanor conviction for the Underlying Offense;

4. Costs of suit;

5. Attorney fees and costs pursuant to 28 U.S.C. § 2412; and

6. Any other further relief as the Court seems just and appropriate.

Respectfully submitted,

The Daniel Law Group, PLLC

By: /s/ Jesse D. Daniel
    Jesse D. Daniel, Esquire
    Counsel for Thomas Lee Stiffler.
    The Daniel Law Group, PLLC
    138 South 7th Street
    Indiana, Pennsylvania 15701
    724-801-8629 (Phone)
    JDD@The DanielLawGroup.com
    Pa. Supreme Court I.D. No. 91450