UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| GEORGE M. TESLOVICH, JR. : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : CIVIL ACTION NO. | |
| CHUBB INSURANCE GROUP and : | |
| PACIFIC INDEMNITY COMPANY, : | |
| : | |
| Defendants. : | |
| : | |
| : | |

**NOTICE OF REMOVAL**

TO:   CLERK OF THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants "Chubb Insurance Group" (erroneously and improperly named as a defendant herein[1]) and Pacific Indemnity Company ("Pacific", and together with the erroneously and improperly named "Chubb Insurance Group", "Defendants"), by and through undersigned counsel, hereby gives notice of removal of this action from the Court of Common Pleas of Fayette County, Pennsylvania, Civil Law Division, where it is pending as Case No. 494-2020-GD, to the United States District Court for the Western District of Pennsylvania. As set forth more fully below, the case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants satisfy the procedural requirements for removal under 28 U.S.C. § 1446, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. In support of removal, and without waiver of any defense,

_____

[1] Pacific does not concede that "Chubb Insurance Group" was properly served with the Complaint. "Chubb Insurance Group" is not an entity, corporation, partnership, unincorporated association, or insurance company, and therefore is not incorporated in any state. Accordingly, "Chubb Insurance Group" is not a legal entity with the capacity to be sued and is therefore an improper party-defendant in this action.

1

including but not limited to any defense pursuant to Rule 12 of the Federal Rules of Civil Procedure, and expressly reserving the right to assert any such defense in this action, Defendants aver:

## THE STATE COURT ACTION

1. Plaintiff George M. Teslovich, Jr. ("Plaintiff"), filed a Complaint against Defendants on February 26, 2020, in the Court of Common Pleas of Fayette County, Case No. 494-2020-GD ("State Court Action"). See Filed Complaint, attached hereto as Exhibit A; and Docket, with copies of all case filings and orders, attached hereto as Exhibit B.

2. Plaintiff did not serve the originally-filed Complaint and subsequently reinstated the Complaint in the State Court Action on or about June 17, 2020.

3. On or about July 8, 2020, a copy of such Complaint was delivered to the following address: 120 Fifth Avenue, Suite 2200, Pittsburgh, PA 15222.

4. Plaintiff avers that he is an individual living and residing at 100 Ben Lomond Street, Uniontown, Fayette County, Pennsylvania, 15401. See Filed Complaint, Exhibit A, at ¶ 1.

5. Plaintiff's Complaint seeks a judgment for payment for losses allegedly totaling $540,926.78 for damages relating to a "snow storm" and "tornado" under an unidentified insurance policy allegedly issued by Pacific Indemnity Company. Id. at ¶¶ 8-12; Count I "WHEREFORE" clause.

6. Plaintiff additionally alleges a count for "Bad Faith" against Defendants, alleging that "[a]lthough Defendants have charged very high premiums to the Plaintiff for the insurance coverage above mentioned, the Defendants have failed and refused to adequately compensate the Plaintiff for his losses and have expressed no reasonable basis for their failure and refusal to pay for the Plaintiff' losses." Id. at ¶ 16.

7. In Plaintiff's claim for "Bad Faith", Plaintiff seeks judgment against Defendants in an amount in excess of $50,000. Id. at Count II "WHEREFORE" clause.

**DIVERSITY JURISDICTION**

8. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States."

9. This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

10. Plaintiff's verified Complaint declares that he resides in Pennsylvania. See Ex. A ¶ 1. Plaintiff is therefore a citizen of the Commonwealth of Pennsylvania.

11. At all relevant times, Pacific was and is a Wisconsin corporation with its principal place of business located in Whitehouse Station, New Jersey. Therefore, for diversity of citizenship purposes, Pacific is a citizen of either Wisconsin and/or New Jersey.

12. "Chubb Insurance Group," erroneously and improperly named as a defendant, is not an entity, corporation, partnership, unincorporated association, or insurance company, and therefore is not incorporated in any state. Accordingly, "Chubb Insurance Group" is not a legal entity with the capacity to be sued and is therefore an improper party-defendant in this action.

13. Complete diversity exists where Plaintiff is a citizen of the Commonwealth of Pennsylvania and Pacific is a citizen of Wisconsin and/or New Jersey

14. This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).

15. The matter in controversy exceeds the sum or value of $75,000 because Plaintiff's verified Complaint seeks relief under a policy of insurance in an amount totaling $540,926.78,

as well as a judgment in excess of $50,000 for Plaintiff's "Bad Faith" count. See Ex. A, Count I "WHEREFORE" clause; Count II "WHEREFORE" clause.

16. Based on Plaintiff's allegations in the Complaint, it is therefore averred that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

17. Accordingly, the United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## REMOVAL JURISDICTION

18. This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

19. Under Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a). Section 1441(b) further provides that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." Id. § 1441(b).

20. Plaintiff filed this action in the Court of Common Pleas of Fayette County. The U.S. District Court for the Western District of Pennsylvania, Pittsburgh Division, is the judicial district embracing Fayette County, the place where the State Court Action was brought, and, therefore, is the proper district court to which this case should be removed. See 28 U.S.C. §§ 1441(a), 1446(a).

21. Under Section 1446(b), the notice of removal shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. See 28 U.S.C. § 1446(b).

22. Defendants received a copy of the Complaint on or about July 8, 2019. Defendants are filing this notice within thirty (30) days of receipt of the Complaint pursuant to 28 U.S.C. § 1446(c). Therefore, this removal is timely because 30 days could not have elapsed from the date of service of the Complaint.

23. Pursuant to Section 1446(b)(2)(A), "all defendants who have been properly joined and served" consent to removal.

24. Further, pursuant to Section 1446(a), Defendants are also filing with this Notice of Removal copies of all process, pleadings, orders, and other papers or exhibits of every kind existing on file in the Court of Common Pleas of Fayette County in this removed action.

25. Additionally, Defendants are filing a copy of this petition for removal with the Prothonotary of the Court of Common Pleas of Fayette County. See 28 U.S.C. § 1446(d).

26. Defendants reserve the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, Defendants, Pacific Indemnity Company and "Chubb Insurance Group" (erroneously and improperly named as a defendant herein) hereby remove this action now pending in the Court of Common Pleas of Fayette County to the United States District Court for the Western District of Pennsylvania.

Respectfully submitted,

COZEN O'CONNOR

BY: /s/ *Paul D. Steinman, Esq.*
    Paul D. Steinman, Esq. (#49730)
    One Oxford Centre
    301 Grant Street, 41st Floor
    Pittsburgh, PA 15219
    psteinman@cozen.com

          -and-
Charles J. Jesuit, Jr., Esq. (#91163) (to be admitted *pro hac vice*)
Stephen S. Kempa, Esq. (#319143) (to be admitted *pro hac vice*)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
cjesuit@cozen.com
skempa@cozen.com
*Attorneys for Defendants*

Dated:   July 28, 2020

## **CERTIFICATE OF SERVICE**

      I, Paul D. Steinman, hereby certify that I served a true and correct copy of the foregoing Notice of Removal upon the following counsel via first-class mail, postage prepaid, addressed as follows:

                O'CONNELL & SILVIS
                John M. O'Connell, Jr., Esq. (#05734)
                131 West Pittsburgh Street
                Greensburg, PA 15601

                *Attorneys for Plaintiff*

DATE: July 28, 2020                /s/ *Paul D. Steinman, Esq.*
                                            Paul D. Steinman, Esquire