**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DESIREE PINKSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| CITY OF PITTSBURGH, | ) | JURY TRIAL DEMANDED |
| OFFICER MORGAN J. LOGAN, | ) | |
| and JOHN DOE, Officers, | ) | |
| | ) | |
| Defendants | ) | |

## <u>COMPLAINT</u>

Plaintiff in this civil rights lawsuit alleges that the arrest, detention and prosecution of the Plaintiff amounted to false arrest and malicious prosecution in violation of the Fourth Amendment to the U.S. Constitution.  Plaintiff seeks damages for the deprivation of liberty out-of-pocket costs, and for physical and emotional injuries caused by Defendants' actions.

## <u>JURISDICTION AND VENUE</u>

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343(c) and (4).  This Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2002 to declare the rights of the parties and to grant all further relief found necessary

and proper and under 42 U.S.C. Section 1983 for a redress of violations of the Fourth

Amendment of the U.S. Constitution.

2. This Court has personal jurisdiction over the defendants, who are located in the Western

District of Pennsylvania.

3. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. Section

1391(a) in that the defendants are subject to personal jurisdiction within the Western

District of Pennsylvania and the events that give rise to this action occurred within the

Western District of Pennsylvania.

## PARTIES

4. Plaintiff, Desiree Pinkston,( "Pinkston"), is an adult individual residing at 631 Linden

Avenue, New Kensington, Pennsylvania 15068.

5. Defendant City of Pittsburgh is a municipal subdivision organized under the laws of

Pennsylvania.

6. Defendant, Morgan J. Logan ("Logan") is a police officer employed by the City of

Pittsburgh with the City of Pittsburgh Bureau of Police.

7. The John Doe Defendants are other law enforcement officers employed by the City of

Pittsburgh with City of Pittsburgh Bureau of Police, who acting under the color of state

law ratified, approved and applied the City's policies in this case, including the arrest

without probable cause.  The John Doe Defendants are named in their individual

capacity.

## **FACTS**

8. On Thursday, September 19, 2019 City of Pittsburgh Police Officers, including Defendant Morgan J. Logan ("Logan") caused a Criminal Complaint to be issued against Pinkston based on an Affidavit of Probable Cause prepared by Logan as the Charging Officer concerning a stabbing incident that occurred in the East Hills section of the City of Pittsburgh.

9. That Complaint (No. CR-0007695-2019 and OTN No. G849240-0) charged Pinkston with nine serious criminal offenses, most felonies, including:

   a.  One Count of Criminal Conspiracy to Commit Criminal Homicide;

   b.  Three Counts of Aggravated Assault;

   c.  Three Counts of Criminal Conspiracy to commit Aggravated Assault;

   d.  One Count of Riot; and

   e.  One Count of Disorderly Conduct.

10. Plaintiff Pinkston had no involvement in the incident alleged in the Criminal Complaint.

11. On Sunday, September 22, 2019 at 11:00 a.m. Pinkston was arrested at her home, handcuffed and taken into custody in the presence of her 12-year old daughter.

12. While she was being arrested, Pinkston asked the arresting officer(s) if this had to do "with what I saw in the news."  Officer Morgan J. Logan was the principal arresting officer.

13. The officer(s) responded yes, it involves your sister, Shaylon Pinkston.

14. Plaintiff, Pinkston responded "she is not my sister" and proceeded to show arresting officers a current Pennsylvania State I.D.  identification showing that she was not the person officers thought she was.

15. While being processed arresting officers asked to see Plaintiff Pinkston's lower left leg looking for a certain tattoo.  Pinkston showed the lower left leg which failed to show the tattoo officers were looking for.

16. The filing of the Complaint and the arrest of Pinkston generated a great deal of publicity with allegations that Pinkston had committed serious crimes (described in paragraph 6 herein), persons still approach to this day thinking she was the perpetrator of such crimes.

17. Prior to arresting Pinkston, City of Pittsburgh Police Officers failed to show photos of Pinkston to the victims of the crimes alleged, and failed to conduct any other type of identification procedures prior to arresting Pinkston.

18. On September 22, 2019 Pinkston was arraigned before a Magistrate in the Pittsburgh Municipal Court at which time:

    a.  She was informed of the nine Charges filed against her;

    b.  Bail was set in the amount of $20,000.00 which she was unable to initially post;

    c.  A Preliminary Hearing was set for September 30, 2019 in the Pittsburgh Municipal Court.

19. Pinkston was incarcerated at the Allegheny County Jail for a period of 24 hours before her release after posting bail through Liberty Bail Bonds and paying a non-refundable fee in the amount of one thousand ($1,000) dollars.

20. While at the jail, she was assaulted on the afternoon of September 22, 2019, and sought medical treatment following her release at the University of Pittsburgh Medical Center (St. Margaret's).

21. After bond was posted, Pinkston was released from the County Jail, Monday, September 23, 2019 at 11:30 a.m.

22. The arrest and incarceration caused Pinkston to miss work at her union job at Smithfield Foods.

23. When Plaintiff Pinkston met with the Office of the Public Defender on Tuesday, September 24, 2020 she was notified by that office that the criminal case was withdrawn by the Office of the District Attorney, and all criminal charges were dismissed, due to "mistaken identity."

24. It is believed, and, therefore it is averred that the City of Pittsburgh Police officers arrested Pinkston based on her last name and nothing more.

25. After Pinkston's arrest and incarceration, but not before, City of Pittsburgh Police Officers showed photos of Plaintiff Pinkston to the victims of the alleged assault. The victims stated to the officers that Pinkston was not the perpetrator of the assault.


**FOURTH AMENDMENT RIGHT TO BE FREE FROM FALSE ARREST**

**(against all Defendants)**

26. Plaintiff incorporates by reference the allegations of the preceding paragraphs one through nineteen as though set forth at length herein.

27. Defendants' actions in ordering and/or carrying out the arrest and detention of Plaintiff without probable cause violated Plaintiffs' Fourth Amendment right to be free from false arrest.

## FOURTH AMENDMENT RIGHT TO BE FREE FROM MALICIOUS PROSECUTION
### (against all Defendants)

28. Plaintiff incorporates by reference the allegations of the preceding paragraphs one through fifteen as though set forth at length herein.

29. Defendants' actions in authorizing and/or directing the filing of criminal charges against the Plaintiff without probable cause violated Plaintiff's Fourth Amendment right to be free from malicious prosecution.

## PRAYER FOR RELIEF

WHEREFORE, in light of the foregoing, Plaintiff respectfully requests the following:

a) A declaratory judgment pursuant to 28 U.S.C. Sections 2201 and 2202 and 42 U.S.C. Section 1983 declaring that Defendants violated Plaintiff's Fourth Amendment rights;

b) Damages, in an amount to be determined at trial, against Defendants for violating Plaintiff's rights under the United States Constitution and for physical and emotional-distress injuries resulting therefrom;

c) An order awarding Plaintiff the costs incurred in this litigation, including attorney's fees pursuant to 42 U.S.C. Section 1988; and

d) Such other relief as the Court deems just and proper.

Respectfully submitted,


/s/ Michael J. Healey
Michael J. Healey, Esq.
Pa. ID No. 27283
247 Fort Pitt Boulevard, 4th Floor
Pittsburgh, PA 15222
412-391-7711
mike@unionlawyers.net

Attorney for Plaintiff