**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ULYSSES ROBINSON, ANTHONY HILL, DAVONE GRAYSON, and SHOWAYNE SAMUELS, | No. |
| Plaintiffs, | |
| | *Electronically Filed* |
| v. | |
| GIANT EAGLE t/d/b/a OK GROCERY COMPANY, and OK GROCERY | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT IN CIVIL ACTION**

Plaintiffs Ulysses Robinson ("Mr. Robinson"), Anthony Hill ("Mr. Hill") Davone Grayson ("Mr. Grayson") and Showayne Samuels (Mr. Samuels) (collectively, "Plaintiffs"), by their counsel Timothy P. O'Brien, Esq., and the Law Offices of Timothy P. O'Brien, file the within Complaint as follows:

**I.      INTRODUCTION - CONCISE FRCP 8 STATEMENT**

1.      The instant action is filed on behalf of the named Plaintiffs, each of whom was employed by Defendant Giant Eagle, t/d/b/a OK Grocery Company and/or OK Grocery Company (hereinafter "Giant Eagle"), as "truck drivers", and who, on account of their race, African-American, were treated differently than similarly situated Caucasian employees, subjected to unfounded adverse employment actions, and terminated from their employment with "Giant Eagle".  The Plaintiffs' claims are brought pursuant to Section 1 of the Civil Rights Act of 1866, as amended 42 U.S.C. § 1981, which prohibits discrimination on the basis of race in the making and enforcement of contracts, including those as here arising in the context of employment.  As a result of the conduct alleged,

Plaintiffs have suffered embarrassment, humiliation, emotional distress lost wages, front pay, benefits and other remuneration.

## II.   JURISDICTION AND VENUE

2.     This Court has jurisdiction over these claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (4).

3.     Venue is proper pursuant to 28 U.S.C. §1391(b) because each claim arose in the Western District of Pennsylvania and because Plaintiffs reside in this District.

## III.   PARTIES

4.     Mr. Robinson is an African-American male residing in the Western District of Pennsylvania.  At all relevant times, Mr. Robinson was subjected to discrimination by Defendants in his employment with "Giant Eagle" because of his race.  Mr. Robinson was employed by Giant Eagle from 2001 through April 4, 2020.

5.     Mr. Hill is an African-American male residing in the Western District of Pennsylvania.   At all relevant times, Mr. Hill was subjected to discrimination by Defendants in his employment with "Giant Eagle" because of his race. Mr. Hill was employed by "Giant Eagle" from 2005 through April 4, 2020.

6.     Mr. Samuels is an African-American male residing in the Western District of Pennsylvania. At all relevant times, Mr. Samuels was subjected to discrimination by Defendants in his employment with "Giant Eagle" because of his race.  Mr. Samuels was employed by "Giant Eagle" from 2015 through August 2018

7.      Mr. Grayson is an African-American male residing in the Western District of Pennsylvania.  At all relevant times, Mr. Grayson was subjected to discrimination by Defendants in his employment with "Giant Eagle" because of his race.  Mr. Grayson was employed by "Giant Eagle" from 2013 through November 12, 2019.

8.      Defendant "Giant Eagle" is a corporate entity duly authorized to conduct business within the Commonwealth Pennyslvania with a principal place of business located at 101 Kappa Drive, Pittsburgh, PA 15138.

9.      At all times relevant, the Defendant, "Giant Eagle", was acting by and through its duly authorized agents, and/or employees, who were then and there acting within the course and scope of their employment.

IV.    **FACTUAL ALLEGATIONS APPLICABLE TO ALL PLAINTIFFS**

10.     At all times relevant, Defendant "Giant Eagle" operated a distribution center (known as OK Grocery Company) located at 735 Beechnut Dr., Pittsburgh Pa., where amongst other employees, it employed approximately 200 "truck drivers";

11.     Upon information and belief, of the 200 "truck drivers" employed by "Giant Eagle" at its distribution center, approximately 20-25 of those "truck drivers" are African-American;

12.     Upon information and belief, "Giant Eagle" has followed a practice of disproportionately disciplining its African-American "truck drivers" for alleged misconduct for which similarly situated Caucasian "truck drivers" have not been disciplined;

13.     Upon information and belief, "Giant Eagle" has terminated the employment of a disproportionate number of African-American "truck drivers" for alleged misconduct for which similarly situated Caucasian "truck drivers'" employment was not terminated;

14.     Upon information and belief, "Giant Eagle" has recently terminated the employment of at least 5 out of the 20 to 25 African-American "truck drivers" employed by it while within a comparable period of time "Giant Eagle" terminated the employment of less than 5 out of the 175  Caucasian "truck drivers" it employed;

15.     At all times relevant, "Giant Eagle" has been notified of racially derogatory statements made by Caucasian "truck drivers", including use of the "N" word" but has failed to take any and/or adequate disciplinary action against those employees for such statements and/or did not terminate the Caucasian "truck drivers" making those racially offensive statements

16.     In one instance, a Caucasian "truck driver" was reported to have made the statement in the presence of other Caucasian "truck drivers" that "black lives do not matter around here".

17.     Upon reporting the statement to "Giant Eagle's" human resources representative, the complainant, an African-American woman "truck driver" was informed that no action would be taken because statements like that are made all the time within the workplace;

18.     In another instance, a Caucasian "truck driver" called an African-American "truck driver" a "big fat dirty "N"; the Caucasian truck driver was not subject to any serious discipline and his employment was not terminated;

## V.    FACTUAL ALLEGATIONS PLAINTIFFS ROBINSON AND HILL

19.    Plaintiffs hereby incorporate the allegations set forth in Paragraphs 1-18 of this Complaint as if set forth at length herein.

20.    At all times relevant, Plaintiff Robinson was a duly elected "Committeeman" within Teamsters Union Local 249, he was the only African-American "Committeeman"; Mr. Robinson was subjected to discipline to which other similarly situated Caucasian "Committeeman" were not so subjected;

21.    At all times relevant, upon information and belief, "Giant Eagle" never disciplined and/or terminated the employment of a Caucasian "Committeeman" even though grounds existed for such discipline of which "Giant Eagle" was aware;

22.    On April 4, 2020, at approximately 6:00 a.m., Plaintiffs Robinson and Hill were on their respective shifts at the "Giant Eagle" distribution center; Mr. Robinson in his capacity as a Committeeman, and Mr. Hill in his capacity as a "truck driver";

23.    As Mr. Robinson was about to end his shift, and Mr. Hill was about to begin his assigned truck route, Mr. Hill had a verbal altercation with a Caucasian "truck driver", who attempted to provoke a fight with Hill by making derisive comments such as "you think you're a tough guy";

24.    The Caucasian "truck driver" upon information and belief, had a history of complaints against him for fighting with other "truck drivers" and for physically and verbally threatening other "truck drivers";

25.    Mr. Robinson intervened and quelled the verbal altercation between Mr. Hill and the Caucasian "truck driver", after which Mr. Hill commenced his route, and Mr. Robinson reported the incident to the "union steward", and left the distribution center as his shift was over;

26.    Without interviewing Mr. Robinson or Mr. Hill, and disregarding video evidence that showed that neither Robinson or Hill had engaged in wrongdoing, "Giant Eagle" removed both Robinson and Hill from the schedule, and within days terminated their employment;

27.    No disciplinary action was taken against the Caucasian "truck driver" who provoked the verbal altercation in the first place;

28.    In a prior incident, a Caucasian "truck driver" physically blocked an African-American "truck driver" from entering into the distribution center premises by placing his civilian vehicle across the entrance way to the parking lot, exiting his vehicle and reportedly spitting in the face of the African-American "truck driver";

29.    Instead of disciplining the Caucasian employee, both the Caucasian and African-American "truck driver" were temporarily taken off the schedule; the Caucasian "truck driver" was never subject to any discipline for his patently abusive conduct;

30.    Subsequent to the termination of the employment of Robinson and Hill, the Caucasian "truck driver" who provoked the incident with Mr. Hill, accosted Robinson's brother--who was also employed as a "truck driver" at the distribution center--sarcastically taunting him with the statement "how's your brother and Hill doing now"?

6

31.     This confrontational conduct was reported to "Giant Eagle's" HR representative, but upon information and belief no disciplinary action was taken against the Caucasian "truck driver";

32.     At all times relevant, Caucasian "truck drivers" had fights, verbal altercations, and engaged in other disruptive behavior within the workplace, but were not subject to discipline and/or termination of employment on account of such conduct;

33.     At all times relevant, Caucasian "truck drivers" verbally and physically assaulted African-American "truck drivers" but were not subject to discipline and/or termination of employment on account of such conduct;

## VI.     <u>FACTUAL ALLEGATIONS PLAINTIFF GRAYSON</u>

34.     Plaintiffs hereby incorporate the allegations set forth in Paragraphs 1-33 of this Complaint as if set forth at length herein;

35.     "Giant Eagle" terminated Plaintiff Grayson's employment on December 9, 2019, arising from a vehicular accident which occurred on November 12, 2019, when the tractor-trailer operated by Mr. Grayson was involved in a chain reaction accident on Interstate Route 80, within the Commonwealth of Pennsylvania;

36.     At all times relevant, and prior to terminating the employment of Mr. Grayson, Caucasian "truck drivers" were involved in similar vehicular accidents in which the tractor trailers operated by such "truck drivers" were substantially damaged, but in those instances, "Giant Eagle" did not terminate the employment of those Caucasian "truck drivers";

37.     At all times relevant, prior to the November 12, 2019 vehicular accident, Mr. Grayson, during his employment as a "truck driver" with "Giant Eagle",  had not been involved in any serious vehicular accidents, and had not been disciplined for any alleged unsafe driving on his part;

## VII.     FACTUAL ALLEGATIONS PLAINTIFF SAMUELS

38.     Plaintiffs hereby incorporate the allegations set forth in Paragraphs 1-37 of this Complaint as if set forth at length herein.

39.     "Giant Eagle" terminated Plaintiff Samuels' employment on August 28, 2018 for allegedly operating a refrigerator trailer after it had been damaged in a minor parking lot accident;

40.     At all times relevant, "Giant Eagle", prior to terminating Samuels' employment, knew that the damage to the vehicle had been repaired before Samuels operated it again, and knew that Caucasian supervisory personnel had informed Samuels that he was authorized to operate the vehicle;

41.     At all times relevant, "Giant Eagle", prior to terminating Samuels' employment, knew that he had complied with all required procedures reporting the accident, the damage to the vehicle, returning the vehicle for appropriate repair, and using a vehicle after it had been repaired;

42.     The Caucasian supervisors who instructed Samuels that he was permitted to operate the vehicle after it had been repaired, were not disciplined and their employment was not terminated;

8

43.     At all times relevant, "Giant Eagle" did not terminate the employment of Caucasian employees who were involved in similar accidents to the one in which Samuels was involved;

**VIII.   FACTUAL ALLEGATIONS DAMAGES ALL PLAINTIFFS**

44.     Plaintiffs hereby incorporate the allegations set forth in Paragraphs 1-43 of this Complaint as if set forth at length herein.

45.     As a direct and proximate result of the Defendant's conduct as hereinbefore described, Plaintiffs have suffered embarrassment, humiliation, and emotional distress;

46.     As a direct and proximate result of the Defendant's conduct as hereinbefore described, Plaintiffs have suffered loss of income, wage loss, loss of benefits and remuneration, loss of earning capacity, and will continue to sustain such damages;

47.     At all times relevant, the Defendant's conduct as hereinbefore described, was in reckless disregard of the Plaintiffs' rights to be free from racial discrimination in their employment relationship with "Giant Eagle";

**IX.   CAUSES OF ACTION-- CIVIL RIGHTS ACT OF 1866, AS AMENDED, 42 U.S.C. SUBSEC. 1981**

48.     Plaintiffs hereby incorporate the allegations set forth in Paragraphs 1-47 of this Complaint as if set forth at length herein.

49.     At all times relevant hereto, Defendant's conduct as hereinbefore described, violated Plaintiffs' rights under the Civil Rights Act of 1866, as amended 42 U.S.C. Subsec. 1981;

## X.    <u>REQUESTED RELIEF AND DEMAND FOR JURY TRIAL</u>

WHEREFORE, Plaintiffs request judgment be entered in their favor, including for compensatory and/or punitive damages, the award of attorney's fees and costs, and appropriate equitable relief, including reinstatement of the Plaintiffs to their employment with "Giant Eagle", restoration of seniority, and such other appropriate benefits incident to their employment which were lost and/or diminished on account of the unlawful termination of their employment, and such other relief as the Court deems just and equitable under the circumstances.  A jury trial is demanded.

Respectfully submitted,

<u>/s/ Timothy P. O'Brien    </u>
PA ID# 22104

Law Offices of Timothy P. O'Brien
Henry W. Oliver Building
535 Smithfield Street, Suite 1025
Pittsburgh, PA  15222
 (412) 232-4400

Attorney for Plaintiffs