**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JANIS FINN                                    Civil Action No. _____

        Plaintiff,

  v.

WEST PENN ALLEGHENY HEALTH SYTEM,
INC. and ALLEGHENY HEALTH NETWORK

        Defendants.                    JURY TRIAL DEMANDED

## <u>COMPLAINT</u>

Plaintiff, Janis Finn, by undersigned counsel files this Complaint and in support alleges the following.

### I. Jurisdiction

1.    The jurisdiction of this Court is invoked pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §626(c)(1); 28 U.S.C. §§ 1331 and 1343(a)(4); and 29 U.S.C. §2617(a)(2) and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

### II. Venue

2.    Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in Allegheny County.

### III. Administrative Remedies

3.    Plaintiff has satisfied all procedural and administrative requirements set forth in 29 U.S.C. §626 in that:

        a.    On or about July 19, 2019, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), which was cross-filed with the Pennsylvania

Human Relations Commission.

b.      Plaintiff received a Dismissal and Notice of Rights from the EEOC dated August 20, 2020.

c.      This case was filed within 90 days of receipt of the Dismissal and Notice of Rights.

d.      More than one year has lapsed since the date Plaintiff filed her PHRC complaint.

## IV. Parties

4.      Plaintiff is an adult individual who resides in Allegheny County, Pennsylvania.

5.      Defendant West Penn Allegheny Health System, Inc. is a Pennsylvania corporation with its principal place of business at 120 Fifth Avenue, Suite 2900, Pittsburgh, PA 15222.

6.      Defendant Allegheny Health Network, is a Pennsylvania Corporation with its principal place of business at 120 Fifth Avenue, Suite 2900, Pittsburgh, PA 15222.

7.      Allegheny Health Network and West Penn Allegheny Health System, Inc. (collectively "Defendant") are a single employer.

8.      At all times relevant hereto, Defendant is and was an employer within the meaning of the ADEA, 29 U.S.C. §630(b) in that it is an employer engaged in an industry affecting interstate commerce and has 20 or more employees for each working day in each of 20 or more calendar weeks in the current and/or preceding year; and within the meaning of 43 Pa. Cons.Stat.Ann. § 955, as it employs 4 or more individuals.

9.      At all times relevant hereto, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

2

## V.  Facts

10.     Plaintiff worked for Defendant from 1990 to 2013 and was later recruited by Defendant to return in April 2017 as the Manager of Patient Experience.

11.     On April 5, 2019, Defendant advised Plaintiff that she would be terminated effective April 24, 2019.

12.     Defendant eliminated Plaintiff's position and retained the other Manager of Patient Experience to cover two locations.

13.     The other Manager of Patient Experience, Staci Pavlik, was 30 years old and had only worked for Defendant for about five years.

14.     At the time of Plaintiff's termination, Plaintiff was 57 years old.

15.     On February 8, 2019, Plaintiff received a poor performance review, which she disputed.

16.     Defendant had not discussed any performance issues with Plaintiff prior to the February 2019 performance review.

17.     It is Defendant's practice/policy to discuss performance issues with an employee before rating the employee "off track" in a performance review.

18.     Barbara Bobula, who conducted Plaintiff's "off-track" performance review, told Plaintiff that she knew the review was unfair but had been instructed by Jennifer Certo, Senior VP, to rate Plaintiff "off track".

## Count I
## ADEA – Age Discrimination

19.     Plaintiff incorporates paragraphs 1 through 18 as though the same had been fully set forth at length herein.

20.     Defendant terminated Plaintiff.

3

21.     Defendant retained a significantly younger, less qualified individual to take over Plaintiff's job duties.

22.     Defendant terminated Plaintiff because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

23.     Defendant's violation of the ADEA was willful.

WHEREFORE, Plaintiff demands judgment as follows:

a.      That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the ADEA;

b.      That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

c.      That Defendant be required to compensate Plaintiff for the full value of wages, she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied prior to Defendant's discriminatory actions;

d.      That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

e.      That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

f.      That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

g.      That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner that violates the ADEA;

h.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

i.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II
## PHRA – Age Discrimination

24.      Plaintiff incorporates paragraphs 1 through 23 as though the same had been fully set forth at length herein.

25.      Defendant terminated Plaintiff because of her age in violation of the PHRA, 43 Pa. Conns. Stat.Ann. § 955(a) *et seq.*

26.      As a direct result of Defendant's discriminatory actions in violation of the PHRA, Plaintiff has lost wages and other economic benefits of her employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff demands judgment as follows:

a.      That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the PHRA;

b.      That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

c.      That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied prior to Defendant's discriminatory actions;

d.      That Defendant be required to provide Plaintiff with

front pay if the Court determines reinstatement is not feasible;

e.      That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

f.      That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

g.      That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by the PHRA;

h.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

i.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted:

**JOHNSTON LYKOS, LLC**

*/s/ Nikki Velisaris Lykos*
Nikki Velisaris Lykos
PA I.D. No. 204813

Colleen Ramage Johnston
PA I.D. No. 64413

525 William Penn Place
28th Floor
Pittsburgh, PA  15219
(412) 325-7700 (phone)
(412) 325-7755 (fax)
nlykos@johnstonlykos.law
cjohnston@johnstonlykos.law

Attorneys for Plaintiff