UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------- x
**ANDREW BOOTH**                         :
                                         :
    *Plaintiff*,                         :   Civil Action No. _____
                                         :
        v.                              :   COMPLAINT
                                         :
**MUTUAL OF OMAHA,**                     :   Filed Electronically
                                         :
    *Defendant.*                         :   Jury Trial Demanded
                                         :
                                         :
------------------------------------------------- x

**COMPLAINT**

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1. This is an individual action under Section 502(a) of the Employee Retirement Income Security Act, as amended (ERISA)(29 U.S.C. §1001 et seq.), to correct unlawful denial of benefits and to make Plaintiff whole.

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to ERISA.

3. The actions and policies alleged to be unlawful were committed in and around Pittsburgh, Pennsylvania, where Plaintiff resides and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania, and the venue is proper.

**PARTIES**

4. Plaintiff Andrew Booth (hereinafter referred to as "Plaintiff" or "Booth"), has resided at all relevant times in Pittsburgh, PA 15228.

5. Defendant Mutual of Omaha (hereinafter referred to as "Mutual of Omaha"), is a corporation with its principal place of business at 3300 Mutual of Omaha Plaza, Omaha, NE 68175.

6. Defendant Mutual of Omaha is the claims administrator of the STD Plan sponsored by Plaintiff's employer.  29 U.S.C. §1002(16)(A).

7. The STD Plan is an employee welfare benefit plan as defined by and governed under and pursuant to ERISA.

8. Defendant is subject to ERISA.

9. At all relevant times material hereto, Defendant acted by and through its agents, servants, and employees who acted within the scope of their authority from Defendant.

## BACKGROUND AND STATEMENT OF CLAIMS

10. Plaintiff has been employed by Heeter Direct, a Pittsburgh-based technology corporation, as a Director of Technology Solutions since in or about August 2016.

11. During his employment Plaintiff developed a significant medical condition that required medical treatment and surgery.

12. This condition prevented Plaintiff from working between March 20, 2020, and April 27, 2020.

13. Plaintiff applied for short-term disability benefits for that period of time (March 20, 2020, to

**April 27, 2020).**

14. **Heeter Direct sponsors an employee welfare plan (the Plan) (short-term disability (STD) and long-term disability (LTD)) for its eligible employees.**

15. **This disability plan is an ERISA welfare benefit plan.**

16. **Defendant Mutual of Omaha is the claims administrator of the STD Plan sponsored by Plaintiff's employer.  29 U.S.C. §1002(16)(A).**

17. **Defendant Mutual of Omaha is a Plan fiduciary.  29 U.S.C. §(21)(A).**

18. **Plaintiff is a "participant" within the meaning of 29 U.S.C. §1002(7) in the Plan.**

19. **According to the STD plan in order to be disabled and, hence, entitled to STD benefits, Plaintiff must demonstrate he is unable to perform one or more of the Material Duties of his regular job, either on a full-time or part-time basis, and his earnings are negatively impacted according to the terms of the policy.**

20. **Plaintiff satisfied the definition of "disability" in the Plan from March 20, 2020, until April 27, 2020.**

21. **Plaintiff could not perform the high-level cognitive duties of his job during this time given his level of pain, the impairment from that pain, the physical limitations of his condition and the cognitive limitations associated with the medication he was on.**

22. **On April 21, 2020, Plaintiff underwent surgery because of his condition.**

23. **The surgery was successful.**

24. Plaintiff returned to work full time on April 27, 2020.

25. Plaintiff satisfied the criteria for STD benefits for the period of March 20, 2020, through his return to work date of April 27, 2020.

26. Plaintiff was under the regular and continuing care of physicians between March 20, 2020, and April 27, 2020.

27. Plaintiff's claim is supported by medical documentation, including treatment notes and opinions from his treating physicians and consulting physicians.

28. Defendant has discretionary authority under the Plan, as the Administrator, to interpret and construe the Plan's provisions, to determine eligibility, and to render claim determinations.

29. This authority, however, does not relieve Defendant of its duty to apply the plain meaning of the Plan, and the plain meaning of what does or does not constitute disability, to its consideration of Plaintiff's application for benefits.

30. Defendant has a fiduciary duty to Plaintiff to conduct its reviews and the granting or denial of benefits reasonably and for the benefit of Plaintiff, and in accordance with the plain meaning of the Plan.

31. Defendant denied Plaintiff's claim for STD benefits.

32. Contrary to Defendant's fiduciary duty Defendant's denial was arbitrary and capricious.

33. There was no rational factual basis to support the denial.

34. Under any ERISA standard of review, Defendant's review and decision to deny Plaintiff's disability benefits was wrong and/or arbitrary and capricious, in violation of ERISA, and in violation and contrary to standards and provisions of the applicable STD Plan.

35. Defendant's review, claim handling, and decision to deny Plaintiff's disability benefits was arbitrary and capricious inasmuch as it was not reasonable and was not supported by the evidence of record.

36. Defendant's review, claim handling and denial of Plaintiff's benefits was also self-serving and otherwise tainted by both substantive and procedural conflict of interest.

37. Defendant's review, claim handling and denial of Plaintiff's benefits was also the product of a disregard of ERISA claim regulations that, together with the other violations of the Plan and its fiduciary duty to Plaintiff, constitutes "extraordinary circumstances" that warrant and demand a substantive remedy.

38. The decision to deny Plaintiff's disability benefits resulted in a monetary savings to Defendant and, thus, was tainted by a conflict of interest.

39. As a direct result of the Defendant's violations of ERISA Plaintiff has been denied payment of short term disability benefits for the full disability period, which payments plus interest he is entitled to recover and seeks herein.

40. As a direct result of Defendant's violations of ERISA Plaintiff has had to retain counsel and incur attorney's fees and incur other costs and expenses which he is entitled to recover and seeks to recover herein.

41. Defendant is obligated to abide by the terms and conditions as stated in its own policy of coverage (the Plan).

42. Under ERSIA, Defendant is bound to honor its own contract.

43. **Defendant breached this duty to comply with its own contract, and arbitrarily and capriciously failed and refused to abide by the terms and conditions as stated in its own policy.**

44. **Plaintiff exhausted the administrative appeals of the denial of his STD benefits.**

### COUNT I: §502(a) ERISA (UNLAWFUL DENIAL OF BENEFITS)

45. **Plaintiff hereby incorporates Paragraphs 1 through 44 of his Complaint as though the same were more fully set forth at length herein.**

46. **Plaintiff is eligible to receive STD benefits from Defendant within the meaning of ERISA and within the meaning of the Plan.**

47. **Plaintiff applied for STD benefits in accordance with the Plan.**

48. **Plaintiff was unable to perform one or more of his Material Job Duties on a full-time basis (or on a part-time basis) within the period of time in question.**

49. **Plaintiff provided appropriate and necessary medical documentation from his physicians to support his application.**

50. **Defendant denied Plaintiff's application.**

51. **Plaintiff appealed the initial denial of his application.**

52. **Defendant denied the appeal.**

53. **Defendant's denial was arbitrary and capricious, lacked any reasonable factual basis, was directly contrary to the plain meaning of the Plan and was a breach of Defendant's fiduciary duty to Plaintiff.**

54. **Defendant's actions were in violation of §502(a) of ERISA.**

55. **Defendant's violations of the law have been knowing and willful.**

56. **Plaintiff is seeking lost benefits, interest, attorney's fees and costs.**

### PRAYER FOR RELIEF

57. **WHEREFORE, Plaintiff respectfully requests that this Court:**
    A.  **Order Defendant to make Plaintiff whole by paying monetary damages, interest and other affirmative relief, including benefits, necessary to eradicate the effects of its unlawful actions.**
    B.  **Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.**
    C.  **Grant such further relief as the Court deems necessary and proper.**

> **Respectfully submitted,**
>
>   s/Joseph H. Chivers
> **Joseph H. Chivers, Esquire**
> **The Employment Rights Group LLC**
> **PA ID No. 39184**
> **Suite 650**
> **100 First Avenue**
> **Pittsburgh, PA  15222**
> **(412) 227-0763**
> **(412) 281-8481 FAX**
> **jchivers@employmentrightsgroup.com**
>
> **Counsel for Plaintiff**
> **Andrew Booth**

**DATED: November 4, 2020**