IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET LYLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. |
| UNIVERSITY OF PITTSBURGH – OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION | ) ) ) ) |
| UPMC CHILDREN'S HOSPITAL of PITTSBURGH | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Margaret Lyle ("Lyle") files this Complaint against University of Pittsburgh – of the Commonwealth System of Higher Education ("Pitt") and UPMC Children's Hospital of Pittsburgh ("UPMC") collectively ("Defendants"), seeking damages for the discrimination and hostile work environment she was subjected to and for the unlawful termination of her employment.

## THE PARTIES

1. Margaret Lyle ("Lyle") is a 63-year-old female who resides at 1024 Fairfield Street, Pittsburgh, PA 15201.

2. Pitt is a non-profit corporation organized under Pennsylvania law with a primary place of business located at 4200 Fifth Avenue, Pittsburgh, PA 15260.

3. UPMC is a non-profit corporation organized under Pennsylvania law with a primary place of business located at 4401 Penn Avenue, Pittsburgh, PA 15224.

4. At all relevant times, Defendants continuously employed more than 15 employees and were covered employers as defined by the Americans with

Disabilities Act ("ADA" - 42 U.S.C. §§ 12101 *et seq.*), and the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq.*) and the Pennsylvania Human Relations Act ("PHRA" – 43 P.S. §§ 951 *et seq.*).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Lyle's claims arise under the laws of the United States and Lyle seeks redress for violations of federal laws. The Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, because such claims are so closely related to Lyle's federal claims that they form part of the same case or controversy.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (b)(2) as a substantial part of the events or omissions giving rise to Lyle's claims occurred while working at the Defendant's location in Pittsburgh, Pennsylvania.

## FACTUAL BACKGROUND

7. On September 18, 1989, Lyle began her employment with Pitt as a Secretary III.  Lyle remained with Pitt until September 15, 2000 when she resigned to accept a similar position with UPMC.

8. In 2010, Lyle returned to employment with Pitt and her job duties remained largely the same.  In 2013, Lyle was promoted to Administrator IV.

9. Lyle's final position with Pitt was Project Manager IV in the Pediatrics Department where she was the Executive Assistant to the Chairman of the Pediatrics Department.

10. Lyle's job duties involved supervising administrative assistants, acting as the administrative office manager, managing calendars, and coordinating meetings. Throughout her employment, including her final performance review in 2016, Lyle was rated as exceptional.

11. The conditions of Lyle's employment changed drastically after a new Chair, Dr. Terence Dermody ("Dermody"), was installed in the Pediatrics Department.

12. On or about February 23, 2017, Lyle was advised by Jeanne Johnson, of Human Resources, that staff had complained that Lyle was being harsh and creating a tense work environment. Dermody was informed and eventually met with Lyle at her request. Dermody stated he was shocked to hear the complaints and advised Lyle he did not want her to leave.

13. The following week, there was a drastic change in the office environment. Several staff members would not speak to Lyle and communications were limited to e-mail. At that point, Lyle started developing chest pains, headaches, and nausea.

14. In early March 2017, Lyle met with Nick Barcellona ("Barcellona"), the Executive Administrator, to discuss her stress. Barcellona expressed surprise at the allegations and proposed some type of reorganization or reassignment of responsibilities. He told her she should not be worried about her job.

15. On or about March 6, 2017, Lyle became ill and was diagnosed with anxiety which was manifested by physical illness. Lyle began FMLA leave and returned to work on March 13, 2017.

16. Upon returning from leave, Lyle met with Barcellona to discuss tension in the office and he was in agreement that Lyle should apply for a position in another department.

17. Lyle's work environment became exceedingly difficult and she was suffering from multiple anxiety attacks and had been prescribed medications. Lyle overheard conversations in the Department that she was going to lose her job.

18. On April 17, 2017, Lyle experienced an extreme anxiety attack at work and went out on FMLA approved leave.

19. During Lyle's leave, many of her job duties were performed by a significantly younger employee.

20. Lyle's FMLA leave was set to expire on July 3, 2017. Lyle returned to work on that date and was advised that her position was being eliminated and that her employment was being terminated as of August 3, 2017. Lyle's termination was

3

discriminatory and retaliatory.

21. Based on information and belief, Lyle's job duties were assumed by a younger employee. This person was hired as an employee of UPMC.

22. The Department of Pediatrics is staffed by employees of both UPMC and Pitt. Based on information and belief, Defendants make strategic hiring decisions Jointly within the Department of Pediatrics.

23. Based on information and belief, Pitt and UPMC act jointly when making decisions involving the drafting, implementation, and enforcement of EEO-related policies for all employees within the Department of Pediatrics.

<u>Lyle's Exhaustion of her Administrative Remedies</u>

24. On or about December 18, 2017, Lyle filed a Charge of Discrimination against Pitt with the Equal Employment Opportunity Commission ("EEOC"), alleging age and disability discrimination.

25. Lyle's Charge was dual-filed with the Pennsylvania Human Relations Commission ("PHRC").

26. On January 17, 2020, Lyle filed an Amended Charge wherein she added UPMC as an employer and clarified that the Charge was alleging disability discrimination in addition to age discrimination.

27. By letter dated August 10, 2020, the EEOC notified Lyle of her right to file a civil action against Defendants.

28. Lyle has initiated this civil action within 90 days of receiving the EEOC's Right to Sue letter.

29. In accordance with P.S. § 962(c)(2) of the Pennsylvania Human Relations Act, Lyle is contemporaneously serving a copy of this Complaint on the PHRC.

30. Accordingly, Lyle has exhausted her administrative remedies under federal and Pennsylvania law.

## STATEMENT OF CLAIMS

### Count One
### Violations of the Age Discrimination in Employment Act
### (Lyle v. Pitt and UPMC)

31. Lyle incorporates by reference the allegations in Paragraphs 1 through 30 as if fully set forth herein.

32. Defendants discriminated against Lyle, on the basis of her age and in violation of the ADEA, by creating a hostile work environment and then firing Lyle because she is over 40 years old.

33. The acts and omissions by Defendants that are described in this Complaint constitute unlawful discrimination under the ADEA.

34. As a proximate cause of Defendant's conduct, Lyle has or will suffer substantial harm, for which Lyle seeks general, compensatory, and consequential damages.

### Count Two
### Violations of the Americans with Disabilities Act
### (Lyle v. Pitt and UPMC)

35. Lyle incorporates by reference the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36. At all relevant times, Lyle had a "disability" that substantially limited one or more major life activities and/or had a record of a "disability" and/or was regarded as "disabled" by Defendants, as defined by and within the meaning of the statutes which form the basis of this action.

37. At all relevant times, Lyle was qualified to perform the essential functions of her job, with or without a reasonable accommodation.

38. Defendants fired Lyle because of her known disability; her perceived disability; and/or due to her record of such impairments.

39. The acts and omissions by Defendants that are described in this Complaint constitute unlawful discrimination, failure to accommodate, a hostile work environment, and retaliation under the ADA.

40. As a direct and proximate cause of Defendant's conduct, Lyle has or will suffer substantial harm, for which Lyle seeks general, compensatory, consequential, and punitive damages.

### Count 3
### Violations of the Pennsylvania Human Relations Act
### (Lyle v. Pitt and UPMC)

41. Lyle incorporates by reference the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42. The acts and omissions by Defendants that are described in this Complaint also violate the PHRA, which prohibits retaliation and discrimination on the basis of age and/or disability.

43. The discrimination has caused Lyle to suffer mental anguish, emotional distress, and loss of income.

44. As a proximate cause of Defendant's conduct, Lyle has or will suffer substantial harm, for which Lyle seeks general, compensatory, and consequential damages.

### Requests for Relief

Accordingly, Lyle requests that this Court enter judgement on her behalf and enter an order directing the award of other relief, as follows:

A. Finding that Defendants violated the ADEA;

B. Finding that Defendants violated the ADA;

C. Finding that Defendants violated the PHRA;

D. Awarding Lyle back pay, front pay, lost benefits, and other emoluments of employment and such other relief as is necessary to make her whole;

E. Awarding Lyle compensatory damages for pain, humiliation, emotional distress, and damage to reputation;

F. Awarding Lyle punitive damages under the ADA;

G. Awarding Lyle liquidated damages under the ADEA;

H. Awarding Lyle attorneys' fees and costs;

     I.     Awarding Lyle pre- and post-judgment interest as provided by law; and

     J.     Awarding Lyle any other relief to which she is entitled and/or which this Court deems necessary and proper.

A jury trial is demanded for all claims triable by jury.

          Respectfully submitted,

          /s/Ryan M. Carroll
          Ryan M. Carroll
          PA I.D. No 205851
          rcarroll@edgarsnyder.com
          Edgar Snyder & Associates
          US Steel Tower, 10th Floor
          600 Grant Street
          Pittsburgh, PA 15219
          TELEPHONE: (412)394-4496
          FACSIMILE: (412)391-7032

          **COUNSEL FOR PLAINTIFF**