## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHESTER GROSSMAN AND,**<br>**SHELBY GROSSMAN,** | ) | **CIVIL ACTION** |
| | ) | |
| **Plaintiff** | ) | **No.:** |
| | ) | |
| **V.** | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **PENNSYLVANIA STATE POLICE,** | ) | |
| **TROOPER JOHN MORNINGSTAR** | ) | |
| **Individually and in his Official Capacity.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | **ELECTRONICALLY FILED** |
| | ) | |
| | ) | |
| | ) | **COMPLAINT** |
| | ) | |
| | ) | Filed on behalf of Plaintiff Chester |
| | ) | Grossman and Shelby Grossman |
| | ) | |
| | ) | Counsel of record for this Party: |
| | ) | |
| | ) | Alexander H. Lindsay, Jr., Esquire |
| | ) | PA I.D. No. 15088 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | J.P. Senich, Esquire |
| | ) | PA I.D. No. 317813 |
| | ) | |
| | ) | THE LINDSAY LAW FIRM, P.C. |
| | ) | 110 East Diamond Street |
| | ) | Suite 301 |
| | ) | Butler, PA 16001 |
| | ) | Phone:  (724) 282-6600 |
| | ) | Fax: (724) 282-2672 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHESTER GROSSMAN AND** | | |
| **SHELBY GROSSMAN,** | ) | **CIVIL ACTION** |
| | ) | |
| **Plaintiff** | ) | **No.:** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **PENNSYLVANIA STATE POLICE** | ) | |
| **AND TROOPER MORNINGSTAR** | ) | |
| **Individually and in his Official Capacity,** | ) | |
| | ) | |
| **Defendant.** | ) | **ELECTRONICALLY FILED** |
| | ) | |

## COMPLAINT

AND NOW comes Plaintiff, Chester Grossman and Shelby Grossman, by and through their attorneys, THE LINDSAY LAW FIRM, P.C., Alexander H. Lindsay, Jr., Esquire, and J.P. Senich, Esquire, and files this Complaint and avers the following:

## INTRODUCTION

1.      Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that he was the subject of excessive force and detained by Pennsylvania State Police Officers on June 20, 2020. Plaintiff suffered from significant physical injuries to his lower back and suffered extreme emotional distress after being forced to the ground by state troopers, being improperly handcuffed, had one trooper point his thumb and forefinger (in the shape of a gun) at his head in front of his wife and family and "302'd" at Sharon Regional hospital. To date, no charges have been filed on Mr. Grossman.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1331 and § 1343 and has supplemental jurisdiction to hear state claims under 28 U.S.C. § 1367(a).

3.      Proper venue is the Western District of Pennsylvania as this is the district where the causes of action arose, where the transactions and occurrences took place out of which the causes of action arose and is a district in which Defendants regularly conduct activity.

## PARTIES

4.      Plaintiff, Chester Grossman, is an adult individual residing at 1022 Georgetown Road, Harrisville, PA 16038 and at all times material hereto was in Venango County, Pennsylvania.

5.      Defendant, Trooper Morningstar, is employed by the Pennsylvania State Police Department and was acting in his official capacity at all times material hereto.

6.      Defendant, Pennsylvania State Police Department, is a law enforcement agency established and operating under the laws of the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

7.      On June 20, 2020, Plaintiff Chester Grossman was at his mother-in-law's house in Mercer County.

8.      Plaintiff and his relatives were holding a memorial for his mother-in-law at her old house in lieu of a funeral.

9.      At some point in the early evening, Plaintiff was sucker-punched in the side of the head by one of his relatives due to a familial dispute and was knocked unconscious for five minutes.

10.     Mrs. Grossman called 911 and both the Pennsylvania State Police and EMS were dispatched.

11.      Plaintiff and the relative that punched him were talking to the EMS medic when the

3

Mercer County Police Department arrived.

12.     Officer John Morningstar walked over to Plaintiff, put him in handcuffs, and threw him on the ground.

13.     Once Plaintiff was on the ground, Officer Morningstar jumped on his back.

14.     Plaintiff asked if Officer John Morningstar could loosen his handcuffs because they were too tight, but the officer declined.

15.     Officer Morningstar took Plaintiff to Sharon Regional Hospital after claiming he was threatening to harm himself, those claims are unfounded and he was later released by the attending hospital staff.

16.     Plaintiff went back to the hospital after the incident and got an MRI.

17.     The doctors found nerve damage in his hand.

18.     After the incident, Plaintiff called the Mercer County Police Barracks to see if he was charged with anything.

19.     The officer who answered said he may get a citation in the mail, but he has not.

20.     As a result of the incident, Plaintiff has suffered damages, including but not limited to, nerve damage in his hand and sustained bruises on his back and stomach.

21.     Plaintiff, as of filing, cannot feel his thumb, pointer finger, and middle finger as a result of the officer not properly placing handcuffs on Plaintiff.

22.     Plaintiff was placed in a cast for an undetermined amount of time.

23.     Plaintiff was diagnosed with Keinback's Disease and radial tunnel syndrome as a result of the loss of blood flow to his wrist because the handcuffs were improperly applied.

4

## Count 1

**Chester Grossman v. Mercer County Police Department and Officer John Morningstar**

**Violation of 42 U.S.C. § 1983 (Violation of Fourth Amendment and Fourteenth Amendment):
Excessive Force**

24.     The prior paragraphs are hereby incorporated by reference as though set forth in their entirety.

25.     Section 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

26.     The Fourteenth Amendment provides in relevant part that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law."

27.     The Fourth Amendment protects individuals from excessive force.

28.     Defendants are state actors subject to the Fourth and Fourteenth Amendments.

29.     Defendants acted under color of state law.

30.     Defendants acted intentionally and with callous disregard for Plaintiff's clearly established constitutional rights.

31.     "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Estate of Smith,* 318 F.3d at 515 (quoting *Abraham v. Raso,* 183 F.3d 279, 288 (3d Cir.1999)).

32.     The test of reasonableness under the Fourth Amendment is whether under the totality of the circumstances, "the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations." *Graham v.*

5

*Connor,* 490 U.S. 386, 397 (1989).

33.     In determining reasonableness, a court considered the following factors: the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he actively is resisting arrest or attempting to evade arrest by flight. *See Graham,* 490 U.S. at 396.

34.     A court in making a reasonableness assessment also may consider the possibility that the persons subject to the police action are violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time. *See Sharrar v. Felsing,* 128 F.3d 810, 822 (3d Cir.1997).

35.     A Fourth Amendment reasonableness inquiry is ordinarily a question for a jury. *Abraham, supra* at 290.

36.     Plaintiff did not pose an immediate threat to the safety of police or anyone else at the residence.

37.     Plaintiff was talking with the responding EMS medic.

38.     Officer Morningstar did not ask anyone at the scene what happened or who was involved.

39.     Officer Morningstar, immediately after arriving, dove onto Plaintiff and placed him in handcuffs.

40.     There was no need for Officer Morningstar to place Plaintiff in handcuffs.

41.     Plaintiff was not acting in a manner that would have made Officer Morningstar feel that he had to jump on Plaintiff's back for his safety or the safety of others.

42.     Furthermore, Plaintiff was the victim in the altercation that Officer Morningstar was

dispatched to respond to.

43.     It was not objectively reasonable given the facts and circumstances for the officer to place Plaintiff in handcuffs and jump on his back.

44.     As a result of Officer Morningstar's violent conduct, Plaintiff sustained bruises on his back and stomach and sustained nerve damage in his hand.

45.     The aforementioned conduct deprived the Plaintiff of rights, privileges or immunities secured by the Constitution of the United States including a deprivation of liberty.

46.     The Defendants' acts were with malice and willful wanton and/or done with reckless disregard for Plaintiff's federally protected constitutional and civil rights, thereby subjecting Defendants to punitive damages.

47.     As a direct and proximate result of the unlawful conduct of the Defendants as aforesaid, Plaintiff has suffered and will continue to suffer irreparable injury, including but not limited to nerve damage in his hand which renders Plaintiff unable to feel his thumb, pointer finger, and middle finger.

48.     As a direct result and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial.

49.     Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court

costs, interest, attorneys' fees, declaratory and prospective injunctive relief and other damages as the Court deems appropriate.  **A JURY TRIAL IS DEMANDED.**

## Count 2
**Chester Grossman v. Mercer County Police Department and Officer John Morningstar**

**Violation of 42 U.S.C. § 1983: Violation of Fourth Amendment and Fourteenth Amendment:
False Imprisonment**

50.     The prior paragraphs are hereby incorporated by reference as though set forth in their entirety.

51.     The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention.

52.     Probable cause exists when "the facts and circumstances which are within the knowledge of the police officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime."

53.     "[W]here the officer lacks probable cause to make an arrest, there can be a Fourth Amendment claim for false imprisonment based on the detention pursuant to the arrest.'" *Groman v. Manalapan,* 47 F.3d 628, 636 (3d Cir.1995)).

54.     "Every arrest without a warrant involves a confinement which, if not privileged constitutes a false imprisonment." *Osgood v. Borough of Shamokin Dam*, 420 A.2d 613, 615 (Pa. Super. 1980).

55.     The detention of Plaintiff was unlawful.

56.     There was no probable cause to support detaining Plaintiff, as there was no probable cause to place him in handcuffs.

57.     The detention of Plaintiff was unlawful because there was no probable cause that

warranted police to detain her.

58.     Furthermore, Plaintiff was the victim in the altercation that Officer Morningstar was dispatched to respond to.

59.      "[T]he common law presumption raised by a magistrate's prior finding that probable cause exists Morningstars not apply to section 1983 actions."  *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 789 (3d Cir. 2000).

60.     Equally important, "the question of probable cause in a section 1983 damage suit is one for the jury."  *Id.* at 788 (citing *Montgomery v. De Simone*, 159 F.3d 120, 124 (3d Cir.1998); *see also Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir.1997); *Deary v. Three Un–Named Police Officers*, 746 F.2d 185, 190–92 (3d Cir.1984)).

61.     Critically, when a "probable cause determination rests on credibility conflicts" it is improper to deny a plaintiff's claim at the pleadings stage.  *See Merkle*, *supra* at 788 (citing *Sharrar*, 128 F.3d at 818; *Deary*, 746 F.2d at 192).

62.     In short, "Because of its fact-specific nature, the existence or absence of probable cause is ordinarily a question of fact appropriate for resolution by a jury. *Adams v. Springmeyer*, 17 F. Supp. 3d 478, 495 (W.D. Pa. 2014).

63.     "[I]f an arrest lacks probable cause for its support it is, objectively speaking, in violation of clearly established law." *Deary*, *supra* at 192.

64.     Defendants acted knowingly, deliberately, and/or with reckless disregard of the truth in arresting the Plaintiff.

65.     The aforementioned conduct deprived the Plaintiff of rights, privileges or immunities secured by the Constitution of the United States including a deprivation of liberty.

66.     The Defendants acts were with malice and reckless disregard for Plaintiff's federally

protected constitutional and civil rights.

67.     As a result of the conduct of the Defendants as aforesaid, Plaintiff has suffered and will continue to suffer irreparable injury, including but not limited to nerve damage in his hand and bruising on his stomach and back.

68.     As a direct result and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

69.     As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medical expenses and may continue to incur further medical or other special damages related expenses, in amounts to be established at trial.

70.     Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, attorneys' fees, declaratory and prospective injunctive relief and other damages as the Court deems appropriate.  **A JURY TRIAL IS DEMANDED.**

### PENDANT STATE LAW CLAIMS

### Count 3
**Chester Grossman v. Mercer County Police Department and Officer John Morningstar**

### False Arrest/False Imprisonment

71.     The prior paragraphs are incorporated by reference as if fully set forth herein.

72.     The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention.

73.     A defendant is liable for false imprisonment when he causes the false arrest of another person.

74.     Under state law, a false arrest is defined as either an arrest made without probable cause or an arrest made by a person without privilege to do so.

75.     Probable cause exists when "the facts and circumstances which are within the knowledge of the police officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." *Renk*, *supra* at 293.

76.     "[W]here the officer lacks probable cause to make an arrest, there can be a Fourth Amendment claim for false imprisonment based on the detention pursuant to the arrest.'" *Groman v. Manalapan,* 47 F.3d 628, 636 (3d Cir.1995)).

77.      "Every arrest without a warrant involves a confinement which, if not privileged constitutes a false imprisonment." *Osgood v. Borough of Shamokin Dam*, 420 A.2d 613, 615 (Pa. Super. 1980).

78.     Plaintiff was detained without a warrant.

79.     There were no exigent circumstances requiring Plaintiff to be detained and handcuffed.

80.     Defendants acted with deliberate indifference in detaining Plaintiff.

81.     As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

82.     As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medical expenses and may continue to incur further medical or other special damages related expenses, in amounts to be established at trial.

11

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, and prospective injunctive relief and other damages as the Court deems appropriate.  **A JURY TRIAL IS DEMANDED.**

<u>**Count 4**</u>
**Chester Grossman v. Mercer County Police Department and Officer John Morningstar**

**Loss of Consortium**

83. Plaintiff Shelby Grossman is the Wife of Chester Grossman.

82. As a direct and proximate result of the Defendant's violent conduct injuring Chester Grossman, Shelby Grossman has been damaged through a loss of consortium and other services.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, and prospective injunctive relief and other damages as the Court deems appropriate.  **A JURY TRIAL IS DEMANDED.**

Respectfully submitted:

THE LINDSAY LAW FIRM, P.C.,

s/Alexander H. Lindsay, Jr.
Alexander H. Lindsay, Jr., Esq.
Attorney for Plaintiff
Pa. Supreme Court Id. No. 15088

s/J.P. Senich
J.P. Senich
Attorney for Plaintiff
Pa. Supreme Court Id. No. 317813

110 East Diamond Street, Suite 301
Butler, Pennsylvania 16001
Phone:  (724) 282-6600