# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

Chrisie Villanueva )
412 Spring Valley Road )   CIVIL DIVISION
West Mifflin, PA 15122 )
 )   Docket #:  GD-20- C1190Q
Plaintiff, )
 )
 )
V. )
 )
 )   COMPLAINT IN CIVIL ACTION
Speedway, an Ohio corporation, )
500 Speedway Drive )   JURY TRIAL DEMANDED
Enon, OH 45323 )
 )
 )
Defendant. )
 )
 )   Filed on behalf of:  Plaintiff.
 )
 )   COUNSEL OF RECORD FOR THIS
 )   PARTY:
 )
 )   David M. Kobylinski, Esquire
 )   Pa. ID No.:  92233

Peter T. Kobylinski, Esquire
Pa. ID No.:  309832

PRAETORIAN LAW GROUP. LLC
515 Court Place, Ste 4
Pittsburgh, PA  15219
(412) 281-6600

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| Chrisie Villanueva, | ) | GD – 20 – |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Speedway. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following

pages, you must take action within twenty (20) days after this Complaint and Notice are served,

by entering a written appearance personally or by attorney and filing in writing with the Court

your defenses or objections to the claims set forth against you. You are warned that if you fail to

do so the case may proceed without you and a judgment may be entered against you by the Court

without further notice for any money claimed in the Complaint or for any other claim or relief

requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A

LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET

FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| Chrisie Villanueva, | ) | GD – 20 – |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Speedway | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

AND NOW come plaintiff Chrisie Villanueva, through counsel, who aver as follows:

### THE PARTIES

1.      Plaintiff Chrisie Villanueva is an adult individual and resides at 412 Spring Valley Road,

West Mifflin, PA 15122. Plaintiff is a Hispanic woman.

2.      Defendant Speedway is a foreign corporation and conducts its general business

operations in Allegheny County at 6999 Clairton Road, West Mifflin, PA 15122.

3.      Pursuant to Pa. R.C.P. 1006 & 2179, venue is appropriate in Allegheny County because

Defendant conducts business herein on a regular and continuing basis.

### ADMINISTRATIVE PREREQUISITES

4.      Plaintiffs timely filed a Complaint with the Equal Employment Opportunity Commission

(hereinafter "EEOC"), alleging unlawful discrimination on account of her race and national

origin. Plaintiff dual filed her Complaint of discrimination with the Pennsylvania Human

Relations Commission (hereinafter "PHRC").

5.      Plaintiff each received a Right to Sue letter and this action was commenced within the 90

day deadline set forth by that letter.

## STATEMENT OF THE FACTS

6.    Plaintiff is a Hispanic woman.

7.    In or around January 2020, Plaintiff was hired by Speedway as a cashier at their 6999 Clairton Road, West Mifflin, Pennsylvania location.

8.    At the time of Plaintiff's hire, Plaintiff was informed the position would be full-time.

9.    In spite of her being hired full-time, Plaintiff's supervisor continued to hired additional employees of non-Hispanic decent.

10.    Immediately thereafter, Plaintiff's supervisor decreased her hours and proceeded to give additional hours to other employees of non-Hispanic decent.

11.    Plaintiff believes and therefore avers no other employees were subjected to a similar decrease in hours.

12.    Plaintiff was the only Hispanic employee at the West Mifflin location.

13.    Plaintiff believes and therefore avers that Speedway reduced her hours in a discriminatory manner and with a discriminatory motive as a result of her race and national origin.

14.    On March 16, 2020, Plaintiff's supervisor accused her of stealing lottery tickets.

15.    Plaintiff denied this allegation as the same was untrue.

16.    Plaintiff's supervisor revised his statement as said that she stole at least one lottery ticket and that he observed it on the video surveillance camera.

17.    Plaintiff requested to view the video footage, but her supervisor denied this request and terminated her employment on March 20, 2020.

18.    During Plaintiff's employment at Speedway, Plaintiff observed both employees and management make derogatory statements when Hispanic customers entered the store.

19.     Plaintiff complained about this behavior.

20.     After Plaintiff's termination, Plaintiff's neighbor entered the Speedway store at West Mifflin and inquired as to where Plaintiff was that day.

21.     Speedway proceeded to inform Plaintiff's neighbor that she was terminated for theft.

22.     Plaintiff believes that Defendant terminated her on the basis of her race and/or national origin.

23.     Plaintiff believes and therefore avers that Defendant was aware that the statements it made to Plaintiff's neighbor were false and were made with the intent to harm her reputation.

## INJURIES AND DAMAGES

24.     As a direct and proximate result of Defendant's discriminatory practices and termination, Plaintiff suffered from the following injuries and damages:

      a.   Plaintiff lost income, employment benefits and financial security;

      b.   Plaintiff suffered damage to their reputation;

      c.   Plaintiff developed, suffered and continue to suffer from embarrassment, shame and emotional distress;

      d.   Plaintiff suffered and continue to suffer from a diminution in enjoyment of her life;

      e.   Plaintiff's ability to earn wages have been diminished and continues to be diminished; and

      f.   Attorneys' fees and costs.

## COUNT ONE – RACE AND NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII

25.     The prior paragraphs of this Complaint are incorporated herein by reference.

26.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended by the Civil Rights Act of 1991, ("Title VII"), makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of race and/or national origin.

27.    Defendant, by and through their actions, discriminated against Plaintiff, because of her race and national origin (Hispanic), which such conduct is a violation of Title VII.

28.    The discriminatory conduct was sufficiently severe and pervasive that it altered the conditions of Plaintiff's employment, affected the terms and conditions thereof, in violation of Title VII, and ultimately resulted in a denial of a promotion, lost wages and/or Plaintiff's discharge from her employment. Plaintiff was fully able to perform her assigned tasks, but for the unwarranted racial, national origin discrimination and adverse employment actions.

29.    Plaintiff suffered intentional discrimination because of her race and/or national origin.

30.    Based on the foregoing, Defendant has discriminated and retaliated against Plaintiff on the basis of her race and/or national origin in violation of Title VII.

31.    As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

32.    Because the discriminatory treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's civil rights Plaintiffs are entitled to punitive damages.

WHEREFORE, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

a)    The entry of declaratory judgment finding that the acts complained of herein are unlawful and violate Title VII of the Civil Rights Act of 1964 as amended.

b)     The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of race and/or national origin.

c)     The immediate assignment of Plaintiffs to such position as she would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d)     The award of compensation of Plaintiffs for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e)     The award of any pre-judgment interest on any back pay.

f)     The award of compensatory damages.

g)     The award of punitive damages.

h)     The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## COUNT TWO – DISCRIMINATION UNDER PHRA

33.     The prior paragraphs of this Complaint are incorporated herein by reference.

34.     At all times material to this complaint, Plaintiff was an "employee" of Defendant as that term is defined in the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §954.

35.     At all time material to this complaint Defendant was an "employer" of Plaintiff as that term is defined in the PHRA 43 P.S. §954.

36.     The acts of Defendant constitute "unlawful discriminatory practices" under 43 P.S. §955 against Plaintiff because of her race and/or national origin.

37.    As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

WHEREFORE, Plaintiff requests the following:

a.    The entry of a declaratory judgment finding that the acts complained of herein are unlawful and violate the PHRA as amended.

b.    The entry of a permanent injunction enjoining defendants from engaging in each of the unlawful acts, practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law so that the Defendants no longer discriminate on the basis of race, national origin or color.

c.    The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d.    The award of any pre-judgment interest on any back pay.

e.    The award of compensatory damages.

f.    The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

g.    The award of such other relief as may be just and proper.

## COUNT THREE - DEFAMATION

38.    The prior paragraphs of this Complaint are incorporated herein by reference.

39.    Defendant communicated and/or published to personnel with whom plaintiff worked and/or to the public at large that plaintiff was terminated for theft.

40.    This communication was false as plaintiff had not stole any from defendant and defendant knew or should have known the false nature of their communication and/or publication.

41.    Defendant's defamatory statements caused plaintiff substantial harm. Plaintiff lost her employment as well as opportunity for advancement with her employer.

42.    Defendant's defamatory statements caused damage to plaintiff's reputation as she became branded as untrustworthy and as a thief.

43.    As a result of losing her job and damage to her reputation, Plaintiff suffered financial harm, emotional suffering, embarrassment and diminution in her ability to enjoy her life.

44.    Because defendant's conduct was extreme, reckless, outrageous and/or undertaken in willing disregard to the rights of others, plaintiff seeks an award of punitive damages.

Wherefore, plaintiff requests judgment in his favor and against defendants in an amount in excess of $35,000 exclusive of interest or costs as well as an award of punitive damages in an amount to be determined by the jury

JURY TRIAL IS DEMANDED AS TO ALL COUNTS

Respectfully submitted,

PRAETORIAN LAW GROUP, LLC

Peter T. Kobylinski, Esquire
PA ID No.: 309832
515 Court Place, Ste 4
Pittsburgh, PA 15219

Dated: November 19, 2020          *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

Peter T. Kobylinski, Esquire (PA ID # 309832)\