IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY MANN, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| WOODLAND HILLS SCHOOL DISTRICT, | ) ) | |
| | ) | Electronically Filed |
| Defendant. | ) | |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, KELLY MANN, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in her employment, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (as amended) ("Title VII"), the Civil Rights Act of 1991 (as amended) and the Equal Pay Act ("EPA"), 29 U.S.C. §206. Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§2201 and 2202.

2. Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e.

3.      Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4.      Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

      a.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about August 19, 2020, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

      b.      The EEOC issued a Notice of the Right to Sue dated December 10, 2020 and;

      c.      Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

## PARTIES

5.      Plaintiff, Kelly Mann, is an adult individual who resides in Westmoreland County, Pennsylvania.

6.      Defendant, Woodland Hills School District, is a governmental entity and/or political subdivision of the Commonwealth of Pennsylvania with administrative offices located at 531 Jones Avenue, North Braddock, Pennsylvania 15104.

7.      At all times relevant hereto, Defendant was acting though its partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

## FACTUAL ALLEGATIONS

8.      Plaintiff has been employed by the Defendant since in or about 2002 and currently holds the position of principal at Defendant's Edgewood Elementary STEAM Academy.

9.  Throughout the Plaintiff's employment in administrative positions for the Defendant, her annual salary has been less than the annual salary of other, similarly situated, African American employees.

10. In or about 2015, Allegheny Intermediate Unit ("AIU") examined the salaries of all "Act 93" employees.

11. At that time, AIU discovered that the Plaintiff was under-paid and paid less than similarly situated employees, including African American employees.

12. Furthermore, Defendant's superintendent, Alan Johnson ("Johnson"), acknowledged that the Plaintiff's annual salary was less than the annual salary of similarly situated employees.

13. Despite this acknowledgement, Plaintiff's annual salary was not increased to correct the identified discrepancy in pay.

14. In or about early 2020, Plaintiff was told by Defendant that she would receive a pay increase following a board meeting scheduled for July 15, 2020.

15. To date, however, Defendant has failed to increase the Plaintiff's salary to correct the discrepancy in pay and Plaintiff continues to be paid less than similarly situated African American employees.

16. On or about June 15, 2020, Defendant hired an African American, Dr. Kristina Peart ("Peart"), as principal of Dickson Preparatory STEAM Academy.

17. This position has the same and/or similar duties and responsibilities as the Plaintiff's position.

18. Plaintiff believes, and therefore avers, that Dr. Peart was hired at a starting annual salary of approximately $110,000.00.

19. Dr. Pert's annual salary is higher than the Plaintiff's current salary of $94,000.00, despite her over eighteen (18) years of experience and tenure with the Defendant.

20. For the reasons stated hereinbefore above, Plaintiff believes, and therefore avers, that African American employees are treated more favorably by the Defendant and paid a higher salary for similar job duties than the Plaintiff, a Caucasian employee, is paid.

## COUNT I:

### TITLE VII – RACE DISCRIMINATION

21. Plaintiff incorporates by reference Paragraphs 1 through 20 as though fully set forth at length herein.

22. As described hereinbefore above, Plaintiff was discriminated against based upon her race, Caucasian, in that she was treated in a manner which is different than and disparate to that of less qualified and less experienced African American employees.

23. As a direct result of the Defendant's discriminatory actions and violations of Title VII of the Civil Rights Act of 1964, and The Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant.  The Plaintiff has also incurred counsel fees and other costs in pursuing her legal rights.

24. Additionally, the Plaintiff has suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct as described above.

25. The actions of the Defendant, through its employees, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

26. The actions on part of the Defendant are part of a plan, practice or pattern of discrimination which may affect others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b. that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c. that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant violation of the Civil Rights Act of 1991;

d. that the Court order the Defendant to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

e. that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED.

COUNT II:

PENNSYLVANIA HUMAN RELATIONS ACT

27. Plaintiff incorporates Paragraphs 1 through 26 as though fully set forth at length herein.

28. This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S. Section 951, et seq. (The "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendent jurisdiction over the same because the cause of action complained of in this Count arises out of the same facts, events and circumstances as the other counts and therefore

judicial economy and fairness to the parties dictate that this count be brought in the same Complaint.

29. As described hereinbefore above, the Defendant discriminated against the Plaintiff based on her race, Caucasian.

30. By discriminating against the Plaintiff without just cause or legal excuse and solely because of her race, and by permitting the discrimination against the Plaintiff as aforementioned, the Defendant has violated the provisions of Title 43 P.S. Section 955 which prohibits discrimination based upon race with respect to compensation for, continuation in and tenure of, employment as well as prohibiting the aiding and abetting of such discrimination.

31. As a direct result of the Defendant's discriminatory actions and violations of the PHRA, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights. The Plaintiff has also suffered from and continues to suffer emotional distress, inconvenience, humiliation, defamation of character, loss of standing among her peers and stress.

32. As more fully set forth hereinabove, the Plaintiff has suffered, directly and solely as a result of the Defendant's discriminatory actions, great pecuniary loss and damage, as well as pain, suffering, inconvenience, damage to Plaintiff's reputation, and other damages which, together with the forgoing may be permanent in nature. Plaintiff now suffers these damages, and will continue to suffer the same for the indefinite future.

33. The actions on the part of the Defendant, through its employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

    WHEREFORE, Plaintiff requests the following:

    a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative the PHRA

b.      that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.      that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant's actions being unlawful and violative of the PHRA;

d.      that the Court award the Plaintiff pre-judgement and post-judgement interest from the date of the discrimination;

e.      that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

f.      that the Court grant the Plaintiff such additional relief as may be just and proper.

                                                                JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: December 30, 2020