# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KORIE MORTON-ROZIER, an adult individual, <br><br> Plaintiff, <br><br> v. <br><br> GATEWAY SCHOOL DISTRICT, a municipality and PAUL CALIARI, individually, <br><br> Defendants. | Civil Action <br><br> No.: <br><br> **COMPLAINT IN CIVIL ACTION** <br><br><br><br> JURY TRIAL DEMANDED |

## **COMPLAINT IN CIVIL ACTION**

AND NOW, comes the Plaintiff, Korie Morton-Rozier, by and through her undersigned counsel, Todd J. Hollis, Esquire, of Todd J. Hollis Law, and files the following Complaint in Civil Action, stating in support thereof as follows:

### INTRODUCTION

1. Korie Morton-Rozier brings this action, pursuant to 42 U.S.C. § 1983, to redress the deprivation of her federal statutory rights. More specifically, Mrs. Morton-Rozier seeks to redress the race discrimination she experienced at the hands of her prospective employer, The Gateway School District. Despite her qualifications for the position of Athletic Director, the School District rejected her application for the position because she was, and remains, married to an African-American man.

2. Specifically, Defendant School Board, although determining that Mrs. Morton-Rozier, because of her credentials, references, and outstanding resume, was one of two finalists

for an Athletic Director position, refused to hire her based on one school board member's racially motivated deciding vote on whether to hire her, and the rest of the members' knowing acquiescence and ratification of the racist decision.

## JURISDICTION AND VENUE

3.     Pursuant to 28 U.S.C. §§ 1331, jurisdiction is proper as Mrs. Morton-Rozier's claims arise under federal law.

4.     Pursuant to 28 U.S.C. § 1391(b), venue is proper as a substantial part of the events or omissions giving rise to Mrs. Morton-Rozier's claims occurred in the Western District of Pennsylvania.

## PARTIES

5.     The Plaintiff, Mrs. Morton-Rozier, is a citizen of the United States and lives in Allegheny County Pennsylvania. She is a Caucasian woman, and has been, since July 23, 2005, married to Keelan Rozier, an African-American man.

6.     The first Defendant, Gateway School District ("Gateway"), is the municipal department responsible for the education of the children located in its jurisdictional boundaries. It is located in Monroeville Pennsylvania and organized under the laws of the Commonwealth of Pennsylvania.

7.     The second Defendant, Paul Caliari, an individual was at all relevant times, a member of the School Board, and is a resident of Allegheny County, Pennsylvania.

## FACTS UNDERLYING THE COMPLAINT

8.     All other paragraphs of this lawsuit are incorporated.

9.     Gateway is responsible for maintaining an athletic department, and the hiring of employees for said department.

10. Gateway is governed by a Board of School Directors ("the Board"), which consists of nine (9) individuals. The Board has the final authority in determining who to hire for open positions at Gateway.

11. Mrs. Morton-Rozier was an athlete in high school. It was during this time that she became acquainted with Richard McIntyre, a fellow student.

12. Mr. McIntyre was a member of the Board when the athletic director position for the district became available in December 2020, for a three year,

13. Mr. McIntyre thought Mrs. Morton-Rozier was eminently qualified for the position and invited her to apply.

14. Mrs. Morton-Rozier thereafter applied for the position of athletic director.

15. After the interviewing process, two (2) candidates, Mrs. Morton-Rozier and Don Holl, another Caucasian individual, were the final two applicants being considered, and the Board was to vote between the two applicants.

16. On or about February 11, 2020, Mr. McIntyre asked Mr. Caliari for his vote.

17. Mr. Caliari responded to the Board, "[d]idn't she start dating the darkies[.]"

18. The "she" is Mrs. Morton-Rozier, whose husband is African-American.

19. On February 12, 2020, Gateway appointed Mr. Holl to the position of Athletic Director.

20. Four (4) School Board members voted in favor of Mr. Holl; the other four (4) voted in favor of Mrs. Rozier.

21. Mr. Caliari voted for Mr. Holl.

22. Upon information and belief, Mr. Holl is not known to Mr. Caliari to date persons outside of Mr. Holl's race.

4

23. But for Mr. Caliari's vote, Mrs. Morton-Rozier would have been appointed to the position of Athletic Director.

24. These causes of action follow:

### FIRST CLAIM FOR RELIEF
Korie Morton-Rozier, individually

v.

Paul Caliari, individually

(42 U.S.C. § 1981, by way of 42 U.S.C. § 1983)- Racial Interference with Contracts and Failure to Hire

25. All other paragraphs of this lawsuit are incorporated.

26. Mrs. Morton-Rozier was qualified and applied for the position of Athletic Director at Gateway.

27. Mrs. Morton-Rozier suffered an adverse employment action when she was rejected for the position of Athletic Director.

28. Mr. Caliari's dispositive rejection of Mrs. Morton-Rozier's application can be inferred as racially discriminatory on the non-exclusive basis of his comment that she "dat[ed][] darkies."

29. But for Mr. Caliari's decision to reject Mrs. Rozier because of the racial identity of her husband, Mrs. Rozier-Morton would have been hired for the Athletic Director position within the Monroeville School District.

30. As a result, Mrs. Morton-Rozier has been injured, both economically and emotionally, by the Defendants' decision to reject her for the position of Athletic Director.

## SECOND CLAIM FOR RELIEF
Korie Morton-Rozier, individually
v.
Gateway School District
(42 U.S.C. § 1981, by way of 42 U.S.C. § 1983)- Racial Failure to Hire

31. All other paragraphs of this lawsuit are incorporated.

32. The Board has the final decision-making authority for employment-related decisions affecting Gateway.

33. Mrs. Morton-Rozier was qualified and applied for the position of Athletic Director at Gateway.

34. Mrs. Morton-Rozier suffered an adverse employment action on February 12, 2020, when she was rejected by the Board for the position of Athletic Director.

35. At the time it made its decision to hire Mr. Holl instead of Mrs. Morton-Rozier for the position of Athletic Director, each member of the Board knew that Mr. Caliari had rejected Mrs. Morton-Rozier for the position because she was married to an African-American man.

36. Notwithstanding its knowledge that the decision to reject Mrs. Morton-Rozier for the position of Athletic Director was infected with racial animus, the Board ratified Mr. Caliari's illegal vote and rejected Mrs. Morton-Rozier application for the position of Athletic Director.

37. As a result of Defendants' conduct, Mrs. Morton-Rozier suffered physical and psychological injury.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Korie Morton Rozier, demands judgment in her favor, and against the Defendants, the Gateway School District and Paul Caliari, for compensatory damages and for punitive damages (against Mr. Caliari), together with costs of this action, reasonable attorneys' fees, and all other relief this Honorable Court deems appropriate under the circumstances.

JURY TRIAL DEMANDED.

TODD J. HOLLIS LAW  
Attorney for Plaintiff


By: /s/ Todd J. Hollis  
Todd J. Hollis, Esquire  
Supreme Court I.D. No.: 72510  
202 Penn Plaza  
Turtle Creek, Pennsylvania 15145  
412.515.4483 Office  
412.646.5748 Fax  
Counsel for the Plaintiff, Mrs. Korie Morton-Rozier

January 1, 2021